[Sac. No. 7.   Department Two.—April 2, 1896.]

SARAH A. REID, APPELLANT, v. WILLIAM C. REID, RESPONDENT.

DIVORCE—EXTREME CRUELTY—UNCORROBORATED EVIDENCE OF PARTY—
   FINDING AGAINST EVIDENCE.—Where the evidence of extreme cruelty,
   upon which a divorce is partly based, consists wholly of the uncor-
   roborated evidence of the party seeking a divorce upon that ground,
   there is no sufficient evidence to sustain the divorce upon that ground.
ID.—DESERTION BY WIFE—DIVISION OF COMMUNITY PROPERTY—REVERSAL
   OF JUDGMENT.—Where a divorce is granted to the husband for the al-
   leged extreme cruelty of the wife, and also for her desertion of the hus-
   band, and the divorce is not sustainable upon the ground of extreme
   cruelty, it is error to award all of the community property to the hus-
   band, but the court must divide it equally between the parties.
ID.—JURISDICTION — SEPARATE PROPERTY OF WIFE.—Upon granting a
   divorce to the husband, the court has no jurisdiction to make any
   award as to the separate property of the wife.
ID.—CONVEYANCE FROM HUSBAND TO WIFE—WATER RIGHT NOT RESERVED.
   Where the husband conveyed land to his wife through her father, with-
   out making any reservation as to the water flowing from an artesian
   well upon the land granted, such well passed with the land, and they
   both became the separate property of the wife; and the court has no
   jurisdiction, upon granting a divorce to the husband, to dispose of any
   part of the water right to the husband.
ID.—EVIDENCE—SEPARATE MONEYS ADVANCED TO COMMON FUNDS—TRACING
   OF MONEYS.—For the purpose of ascertaining the community property,
   the husband and wife are each entitled to prove what moneys which
   were the separate property of either were put into the common funds;
   but such moneys cannot be considered as separate property, unless they
   can be traced and segregated from the mass of the community property.
ID.—APPEAL—DISPOSITION OF COMMUNITY PROPERTY—FINDINGS—REVER-
   SAL—RETRIAL OF ISSUE.—The appellate court can deal separately with
   that part of a decree in a divorce case which disposes of the community
   property, without disturbing other parts of the decree, and, if the find-
   ings clearly show what the community property is, may direct the
   court to award one equal half thereof to each of the parties, but where
   the findings are not clear on that subject, and the parties are entitled
   to an equal division of the community property, it will reverse a judg-
   ment awarding it to the husband, and direct a retrial of the issue as to
   community property, unless the parties can agree thereon, and to de-
   termine definitely what the community property is, and to amend the
   decree by adjudging an equal division thereof.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial. M. K. HARRIS, Judge.

The facts are stated in the opinion of the court.

*Frank H. Short*, and *John C. Deuel*, for Appellant.

As there is no evidence corroborating defendant's testimony, the decision should be set aside. (Civ. Code, sec. 130.) As extreme cruelty on the part of plaintiff was not proven, plaintiff should not have been denied a portion of the community property. (Civ. Code, sec. 146.) The court exceeded its jurisdiction in decreeing a right of way for defendant's use and benefit over plaintiff's separate property, and giving defendant three-fourths of the water flowing from the artesian well. The decision as to the custody of the minor children is harsh and unreasonable, as the children were all of tender years. (Civ. Code, secs. 138, 246; *Wand* v. *Wand*, 14 Cal. 512; Bishop on Marriage and Divorce, secs. 641–43; Stewart on Marriage and Divorce.)

*E. D. Edwards*, for Respondent.

Where divorce is granted on the ground of extreme cruelty, the guilty party is entitled to receive only so much of the community property as the court deems just. (*Eslinger* v. *Eslinger*, 47 Cal. 62.) The appellate court must presume in favor of the decree of the lower court, even when the whole of the community property is awarded to one of the parties. (*White* v. *White*, 86 Cal. 219.) The degree of corroboration required by our statute has never been defined, hence the statute only requires that there shall be some corroborating evidence. (*Venzke* v. *Venzke*, 94 Cal. 225; *Evans* v. *Evans*, 41 Cal. 104; *Cooper* v. *Cooper*, 88 Cal. 45; *Baker* v. *Baker*, 13 Cal. 87.) Although naturally the mother is entitled to the custody of minor children of tender years, yet it is for the trial court to say, upon all the evidence, whether she is, in fact, more worthy of the trust than the father. (*Luck* v. *Luck*, 92 Cal. 653; *Ex parte Gordan*, 95 Cal. 374.)

McFARLAND, J.—This is an action for a divorce brought by the wife against the husband upon the statutory grounds of extreme cruelty and willful neglect to pro-

vide the common necessaries of life. The defendant in his answer denied the material averments of the complaint; and, in a cross-complaint, charged against the plaintiff willful desertion and extreme cruelty, and upon these grounds prayed for a decree of divorce in his favor against her. The court found against plaintiff's charges of extreme cruelty and neglect; and found that plaintiff was guilty of both desertion and extreme cruelty, decreed a divorce in his favor on both said grounds, awarded the custody of the children to him, and disposed of the community property as hereinafter mentioned. The plaintiff appeals from the judgment and from an order denying her motion for a new trial.

The evidence shows some unamiable conduct on the part of both husband and wife; but it is not sufficient to show extreme cruelty by either. If the statements of appellant on the witness stand could, taken together, be considered as showing facts sufficient to constitute in law extreme cruelty, still it was entirely uncorroborated. What respondent testified to did not constitute extreme cruelty by appellant; and he, also, was uncorroborated. Therefore, the finding that respondent was not guilty of extreme cruelty is sustained by the evidence; but there is no sufficient evidence to support the finding that appellant was guilty of extreme cruelty. There was no evidence sufficient to support appellant's charge of willful neglect; and, therefore, the finding against such neglect was right.

There was, however, sufficient evidence to support the finding of willful desertion by appellant, and therefore, on that ground, the part of the judgment which decrees a divorce must be affirmed. We think, also, that, under the circumstances shown by the evidence, which need not here be stated, the court did not abuse its discretion in awarding the custody of the children to respondent, and, therefore, that part of the judgment which awards such custody to respondent must be affirmed.

But all that part of the judgment which purports to

dispose of and partition the property of the parties must be reversed, and a new trial ordered on the whole subject of property and the issues thereto appertaining. In the first place it is not clear whether or not the court dealt with the subject upon the theory that, under the erroneous finding of extreme cruelty, it could assign the property to the parties " in such proportions as the court, from all the facts of the case and the condition of the parties, may deem just," under subdivision 1 of section 146 of the Civil Code. The judgment must stand upon the finding of desertion; and, in such case, " the community property shall be equally divided between the parties." In the second place, the only property awarded to the appellant was twenty acres of land which was her separate property; and, as to it, the court had no jurisdiction. This land had been conveyed by the respondent to appellant's father, and by the latter to the appellant some time before the parties separated; and it was clearly her separate property. There was an artesian well on this twenty acres, and the court decreed that respondent should have three-fourths of all the water flowing from it; but there was no reservation whatever in the conveyance of the land by respondent, and the well went to appellant as part of the land. The court also decreed to respondent " a right of way forty feet in width across the north end " of said twenty acres; and this was clearly beyond the power of the court to do. There was considerable community property, and none of that was awarded to appellant, while she should have been awarded one-half of it. Whether or not the division of the property sought to be made by the court would have been equitable and just if there had been power to make it, as in cases of extreme cruelty or adultery, is not a question before us.

That part of the judgment which deals with property rights will have to be reversed, and a new trial ordered on that subject; and it will be the duty of the trial court to determine, upon such proper evidence as may be offered, what community property the parties have, and

to divide it equally between them. If partition is not practicable, the community property may be ordered sold, and the proceeds, after the satisfaction of any liens which may be on it, divided equally between the parties. (Civ. Code, sec. 147.) We observe that the court finds that certain described property is community property, " except twelve hundred dollars' *worth*, which amount defendant had in cash when he married plaintiff, and upon which defendant operated," etc. It also appears that, after the trial of the case had closed, and it had been taken under advisement, appellant asked to have the case opened, so as to allow her to introduce evidence that she had advanced to respondent about four thousand seven hundred dollars which she had received from her father, and which he had put into the property; and there are affidavits of herself and her father to the same effect introduced on the motion for a new trial. At another trial this evidence would, of course, be as admissible as would be evidence of respondent that he put twelve hundred dollars of his money into the common funds; but it is apparent that neither of these sums of money can be now considered as separate property, unless it can be in some way traced and segregated from the mass of community property as it now exists.

Under section 148 of the Civil Code this court can deal separately with that part of a decree in a divorce case which disposes of the community property, without disturbing other parts of the decree. We could modify the decree in the case at bar by a special direction to the court below to now amend its judgment so as to award one equal half of the community property to each of the parties, if the findings clearly showed what the community property is. (*Strozynski* v. *Strozynksi*, 97 Cal. 189; *Brown* v. *Brown*, 60 Cal. 579; *Eslinger* v. *Eslinger*, 47 Cal. 62.) But the findings are not clear on that subject, and it will be necessary for the court below to retry the issue as to community property (unless the parties can agree about it), determine definitely what

the community property is, and amend the decree by
adjudging that it be equally divided between the parties;
and it will not be necessary to change any other part of
the judgment.

It is ordered that all of the judgment and decree ap-
pealed from granting a divorce and the custody of the
children to respondent, which includes all of said judg-
ment from the first word thereof down to and including
the words "be visited by said plaintiff at all reasonable
and proper times," on page 28 of the printed transcript,
be, and the same is, hereby affirmed, and as to said part
of said judgment, the order denying a new trial is af-
firmed.   And it is further ordered that all of said judg-
ment which disposes of the property and property rights
of the parties hereto, and which includes all of said
judgment from the words above quoted on page 28 of
the printed transcript down to and including the words
"be compelled to pay," which appear on page 30 of the
printed transcript, be, and the same is, hereby reversed,
and, as to the said part of said judgment, the order de-
nying a new trial is reversed; and the cause is remanded
with directions to the court below to hear evidence and
dispose of the community property of the parties to this
action in accordance with this opinion.

TEMPLE, J., and HENSHAW, J., concurred.