[Civ. No. 305. Second Appellate District—December 18, 1906.]

## MIRIAM S. GLASS, Appellant, v. NEIL GLASS, Respondent.

Divorce—Quieting Title—Jurisdiction—Joinder of Issues—Trial upon Merits Without Objection.—Although, in an ordinary action for divorce, the court has no jurisdiction to dispose of the separate property of either party, yet, where the wife instituted a dual action for divorce, and to quiet her title against the husband to one-half of property conveyed to her by the husband as her separate estate, and issues were joined upon the complaint and upon the cross-complaint of the husband claiming title to the whole property, and the case was tried upon its merits without objection by either party, the court had power to determine the issues and to award the whole property to the husband as rightful owner.

ID.—BREACH OF CONTRACT OF WIFE TO PAY MORTGAGE—FAILURE OF CONSIDERATION.—Where the court found in favor of the averments of the cross-complaint that the sole consideration of the conveyance to the wife was her promise to pay off a mortgage on the whole property, which she refused to keep, and that the consideration therefor had wholly failed, the judgment for the husband was thereby supported.

ID.—HOMESTEAD UPON SEPARATE PROPERTY OF HUSBAND—AWARD UPON DIVORCE.—Where the court also found that a homestead had been declared upon the separate property of the husband, the court upon dissolution of the marriage properly awarded such property to him under section 146 of the Civil Code, as well as upon the ground of the failure of consideration of his conveyance of half thereof to the wife.

ID.—PROMISE BY WIFE WITHOUT INTENTION OF PERFORMANCE—FRAUD —RESCISSION.—Where it appears from the wife's pleadings, in connection with the findings, that her agreement to pay off the mortgage was wholly repudiated, and that she made it with the intention never to perform it, such intention when the promise was made constituted a fraud, for which the husband might rescind the contract and avoid the conveyance.

ID.—TOTAL FAILURE OF CONSIDERATION—NOTICE OF RESCISSION.—The total failure of the consideration made it unnecessary to give notice of rescission before suit.

ID.—REPUDIATION OF PROMISE—MATURITY OF MORTGAGE IMMATERIAL.— The plaintiff's repudiation of her promise to pay the mortgage rendered the time of its maturity immaterial.

ID.—ALLOWANCE OF ATTORNEY'S FEES—IMPOSITION UPON COURT—VACATION OF ORDER.—Where the wife obtained an allowance of attorney's fees by imposing upon the court with a false averment that she had no income-bearing separate property, the court, upon proof of the contrary at the hearing, had jurisdiction within six months to vacate the order allowing the same.

ID.—PRESUMPTIONS UPON APPEAL—EX PARTE ALLOWANCE.—Upon appeal from the order vacating the allowance, all presumptions are in favor of the order, and it will be presumed that the allowance was *ex parte,* and that the court could vacate it without notice; and that the court made the vacating order in the manner and under circumstances justifying it.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.   B. N. Smith, Judge.

The facts are stated in the opinion of the court.

Hester & Ladd, and E. W. Freeman, for Appellant.

The husband could make a valid conveyance to his wife of his separate estate upon which he has declared a homestead, and the effect of the conveyance is to vest title in the wife as her separate property, subject only to the husband's rights in the homestead. (*Burkett* v. *Burkett,* 78 Cal. 310, 12 Am. St. Rep. 58, 20 Pac. 715, 3 L. R. A. 781; *Taylor* v. *Opperman,* 79 Cal. 468, 21 Pac. 869; *Gleason* v. *Spray,* 81 Cal. 219, 15 Am. St. Rep. 47, 22 Pac. 551; *Carter* v. *Mc-Quade,* 83 Cal. 278, 23 Pac. 348; *Oaks* v. *Oaks,* 94 Cal. 66, 29 Pac. 330; *In re Lamb,* 95 Cal. 405, 406, 30 Pac. 568; *Porter* v. *Bucher,* 98 Cal. 461, 33 Pac. 335.) The court had no jurisdiction to dispose of the separate property of either spouse in an action for divorce. (*Reid* v. *Reid,* 112 Cal. 277, 44 Pac. 564; Civ. Code, secs. 146-148.) The order allowing attorney's fees was a final judgment which will not be affected by any other final judgment. (*Baker* v. *Baker,* 136 Cal. 304, 68 Pac. 971; *Sharon* v. *Sharon,* 67 Cal. 195-199, 7 Pac. 456, 635, 8 Pac. 709; *Kessler* v. *Kessler,* 2 Cal. App. 509, 83 Pac. 257.) The court's power over the order was *functus officio;* the only remedy being by appeal. (*Holtum* v. *Greif,* 144 Cal. 524, 525, 78 Pac. 11, and cases there cited; *Egan* v. *Egan,* 90 Cal. 21, 27 Pac. 22.)

W. C. Batcheller, and G. E. Delevan, Jr., for Respondent.

The case was tried upon the merits without objection, and no objection to the jurisdiction can be raised upon appeal for the first time. (*White* v. *White,* 86 Cal. 219, 24 Pac. 996; *Hughes* v. *Wheeler,* 76 Cal. 230, 232, 18 Pac. 386; *Murdock* v. *Clarke,* 90 Cal. 427, 435, 27 Pac. 275; *Barbour* v. *Flick,* 126 Cal. 628, 632, 59 Pac. 122; *Sukeforth* v. *Lord,* 87 Cal. 399, 403, 405, 25 Pac. 597; *White* v. *Superior Court,* 110 Cal. 60, 42 Pac. 471; *Mott* v. *Mott,* 82 Cal. 413, 419, 22 Pac. 1140; *Howell* v. *Howell,* 104 Cal. 45, 47, 43 Am. St. Rep. 70, 37 Pac. 770; *Jackson* v. *Jackson,* 94 Cal. 446, 29 Pac. 957; *Haley* v. *Haley* (Cal.), 14 Pac. 92; *Patton* v. *Longbridge,* 49 Iowa, 218; *Roe* v. *Roe,* 52 Kan. 724, 39 Am. St. Rep. 367, 35 Pac. 808; *Lawson* v. *Shotwell,* 27 Miss. 630.) The promise having been repudiated, the suit could be brought without reference

to the time ·for performance.   (*Remy* v. *Olds,* 88 Cal. 537,
541, 26 Pac. 355; *Hale* v. *Trout,* 35 Cal. 229, 242; *Poirier* v.
*Gravel,* 88 Cal. 79, 83, 25 Pac. 962; *Wolf* v. *Marsh,* 54 Cal.
228; Civ. Code, sec. 1440.)   The court had power to set aside
the order for counsel fees.   (Code Civ. Proc., sec. 128, subd.
8; *Wiggin* v. *Superior Court,* 68 Cal. 400, 402, 9 Pac. 646;
*Baker* v. *Fireman's Fund Ins. Co.,* 73 Cal. 182, 185, 14 Pac.
686; *Ex parte Hartman,* 44 Cal. 32, 34.)

ALLEN, J.—Appeal by plaintiff from a portion of the
judgment of the superior court of ·Los Angeles county, and
from an order denying a new trial.

Plaintiff in her complaint, which was one for divorce based
upon grounds of extreme cruelty, joined therewith an action
to quiet her title as against defendant to an undivided one-
half of certain described premises, claiming the whole there-
of to be her separate estate.   Defendant answered, joining
issue upon all of the allegations of the complaint and further
filed a cross-complaint for a divorce, charging plaintiff with
extreme cruelty, and in addition alleged that the whole of the
premises described in the complaint were his separate estate;
that plaintiff had obtained a conveyance from defendant of
an undivided one-half· thereof upon the representation and
promise that she would pay and discharge a mortgage lien
existing upon the whole of said premises; that this she had
failed and refused to do and by reason thereof the considera-
tion for said conveyance had wholly failed.   Plaintiff an-
swered his cross-complaint, denying that she ever made such
promise and that said property was the separate estate of
defendant.   Upon the trial the court found both parties
guilty of extreme cruelty, one toward the other, but neverthe-
less granted plaintiff a divorce.   Upon the issues raised in
relation to the property described the court found that the
property mentioned was of the value of $2,500 and was the
separate property of the defendant; and further, that the
agreement of plaintiff to pay such. mortgage was the sole
consideration for the conveyance to her of the undivided one-
half; and further, that the property being subject to a dec-
laration of homestead, the same was awarded to defendant
under section 146 of the Civil Code.   The court further found

that at the commencement of the action plaintiff was the owner of a separate estate of the value of $7,500, exclusive of the property claimed in the complaint, and vacated a former order directing the payment by defendant to her of $100 as attorney's fees for prosecuting the action.

Appellant contends that under the authority of *Reid* v. *Reid,* 112 Cal. 277, [44 Pac. 564], no jurisdiction in divorce proceedings is in the court to dispose of the separate property of either party. This is true in an ordinary proceeding for divorce. But in the case under consideration the action instituted by plaintiff was dual in its character, seeking, as it did, not only a divorce, but an adjudication as to the separate character of certain described property, and a decree in effect quieting her title thereto. The issue was fairly made as to the property and both parties submitted the question to the court for determination and neither party made any objection to the joinder, nor to the evidence offered in support of their respective claims, and the court, under the pleadings and circumstances of the trial, had jurisdiction to determine the question involved as to the character of this property and to quiet the title of the rightful owner thereto.

It is further insisted that the agreement to pay the mortgage was a personal one and not a condition of the conveyance, and even if it were a condition, no evidence was offered to show that the mortgage was either due or payable. The court found, and there is evidence in its support, that plaintiff made the agreement and that it was the sole consideration for the conveyance to her of the undivided one-half interest, and that she never paid any part of such mortgage debt. This agreement she repudiates in her answer, and in her original complaint lays claim to the whole of the property. It is obvious from the position assumed by her that she never intended to carry out this agreement. "A promise made with the intention of not performing it constitutes a fraud for which a contract may be rescinded or avoided." (*Russ etc. Co.* v. *Muscupiabe etc. Co.,* 120 Cal. 530, [65 Am. St. Rep. 186, 52 Pac. 995].) The total failure of consideration made it unnecessary to give notice of rescission before bringing the action (*Field* v. *Austin,* 131 Cal. 382, [63 Pac. 692]), and the repudiation of the contract rendered the matter of its

maturity immaterial; for when plaintiff brought her action asserting sole and separate ownership in the whole of the property it amounted to a notice of repudiation of her promise theretofore made, or, at least, that she would not do or perform any contract theretofore made having as its consideration an assumption of defendant's interest in the premises.

It is next contended that the court was without jurisdiction to vacate the former order in relation to attorney's fees. That such order may be entered as a judgment, and when so entered an appeal will lie, is no longer an open question; but such order may be made *ex parte* and is usually so made. (*Mudd* v. *Mudd,* 98 Cal. 320, [33 Pac. 114].) This, of course, comprehends previous service of process. By section 166 of the Code of Civil Procedure, orders which are usually granted in the first instance upon *ex parte* application may be made at chambers. Section 937 of the Code of Civil Procedure provides that orders made out of court without notice may be vacated or modified without notice. All intendments are in favor of the judgment of vacation made by the court, and in the absence of any showing to the contrary it will be presumed that the court made the order in the manner and under such circumstances as justified the subsequent vacation and the final judgment. "The rule with reference to the power of a court to revise its own action suffers an exception in the case of *ex parte* proceedings." (*In re Sullenberger,* 72 Cal. 552, [14 Pac. 513].) The record discloses that the court was imposed upon when the order for fees was procured. "The object of section 137 of the Civil Code is to enable the wife to properly present her cause of action, . . . and if she can do this by reason of the fact that she has sufficient separate estate, . . . the court would not exercise a proper discretion in directing the husband to defray her expenses in the case. (*Mudd* v. *Mudd,* 98 Cal. 320, [33 Pac. 114].) Plaintiff in the complaint, and upon which the order was based, alleged that she had no separate estate. This the court found upon the final hearing to be untrue; that, on the contrary, she was possessed of an income-producing separate estate. Where an order *ex parte* has been procured not in consonance with law, and from which rank injustice must

4 Cal. App.—39

follow, the court has power, when it discovers the mistake, to correct the error and the injured party is not remitted to an appeal for remedy. (*Wiggin* v. *Superior Court*, 68 Cal. 402, [9 Pac. 646].) The record discloses, by an examination of the dates of the commencement of the action and of the final decree, that the vacation was within six months after the entry of the original order, and it will be presumed in support of the judgment of vacation that it was within a reasonable time thereafter.

We find no error in the record, and the judgment and order are affirmed.

Smith, J., and Gray, P. J., concur.