[Sac. No. 1815. Department Two.—January 9, 1911.]

## JAMES H. ALLEN, Respondent, v. LUELLA F. ALLEN, Appellant.

APPEAL FROM JUDGMENT TAKEN TOO LATE—DISMISSAL.—An appeal from a judgment, taken more than six months after its entry, is too late and will be dismissed.

ADVERSE POSSESSION AGAINST POSSESSOR'S OWN DEED—PAYMENT OF TAXES.—While a person may acquire title by adverse possession, even as against his own conveyance, still, as an element to constitute such title, in addition to the showing of the other facts necessary to constitute it, he must prove either that no taxes were levied and assessed upon the land, or that he had paid all taxes which were levied thereon.

DIVORCE—JURISDICTION OVER SEPARATE PROPERTY OF SPOUSES.—As a general rule, the superior court in a divorce proceeding has no jurisdiction to deal with the separate property of the spouses.

ID.—TITLE TO PROPERTY ACTUALLY LITIGATED—JUDGMENT AS RES ADJUDICATA. — The superior court is vested with general jurisdiction to determine title to real property, whether based on legal or equitable claims; and if the parties in a divorce proceeding make the character of property held by them—whether separate or community—an issue in the proceeding, as the court is vested with jurisdiction to determine that question, as fully as if the title were put in issue in a direct action brought for that purpose, the same effect must be given to its judgment as if such an action had in fact been brought. Its judgment as to the title of property so put in issue is res adjudicata and conclusive upon both parties with respect to any further litigation on the subject.

ID.—DEED FROM HUSBAND TO WIFE—SUBSEQUENT ACTION TO SET ASIDE
DEED.—A judgment in an action for a divorce, determining that
property which had been conveyed by the husband to his wife was
her separate property, is *res adjudicata* to a subsequent action by
him to set aside the deed to her on the ground of fraud, and for a
decree that the legal title was in him as community property. Such
judgment is conclusive, not only on matters affecting the legal title
which were actually litigated, but also upon those which might have
been.

APPEAL from a judgment of the Superior Court of Stanislaus County and from an order refusing a new trial. L. W. Fulkerth, Judge.

The facts are stated in the opinion of the court.

L. L. Dennett, and J. M. Walthall, for Appellant.

J. B. Jennings, for Respondent.

LORIGAN, J.—This action was brought to set aside a deed of land executed by plaintiff to defendant, on the ground of fraud, for a decree directing a reconveyance to plaintiff and quieting his title to the land.

Judgment went for plaintiff and defendant appeals from the judgment and an order denying her motion for a new trial.

Respondent in his brief moves the court to dismiss the appeal from the judgment on the ground that it was taken too late, being more than six months after the entry of the judgment. This appearing to be the fact, the appeal from the judgment is dismissed, and the appeal from the order will alone be considered.

On November 24, 1902, plaintiff and defendant were husband and wife, and on that day plaintiff conveyed to her a tract of land in Stanislaus County. In August of the next year the defendant here brought an action against the present plaintiff, in the superior court of Stanislaus County, for a divorce, in which action she alleged, as to the tract of land involved in the present litigation, that plaintiff had conveyed it to her by the deed of November 24, 1902, and had subsequently made and executed a declaration of homestead upon it. In his answer in the divorce suit plaintiff here admitted

the execution of the deed to her of this property as alleged by his wife in her complaint. He also filed a cross-complaint, in which he sought a divorce from his wife on certain grounds, and, as to the property in question although admitting in his answer the conveyance to her, alleged that the property was community property of himself and wife. To the cross-complaint the wife filed an answer, denying that the property was community property, but, on the contrary, alleged that it was her separate property.

A divorce was denied the plaintiff and awarded to defendant on his cross-complaint. As to the property rights of the parties, the court found that the tract of land in question had been acquired as community property by the spouses; that no other real property had ever been acquired by the husband, either as community or as separate property; that the husband on the date mentioned in the pleadings, for a good and sufficient consideration, executed the deed mentioned in the pleadings, conveying to her the fee simple title to this tract of land; that thereafter the wife had been and was the owner of it in fee simple and entitled to possession; that the husband had no right, title, or interest in the property, and the homestead theretofore made and executed by the husband on the land was declared void. A judgment was entered accordingly on July 14, 1904, from which no appeal was ever taken.

The present action to set aside the deed of November 24, 1902, under which the court in the divorce proceeding had determined that the property described therein was the separate property of the wife, was commenced nearly four years after the entry of the judgment in the divorce case. The action was primarily to have this conveyance set aside on the ground of actual fraud. Without setting them forth in any detail, the allegations substantially were that while plaintiff and defendant were husband and wife, and without any fault on the plaintiff's part, his wife left their home in Stanislaus County and took up her residence in San Francisco. Subsequently she came back to Modesto, in said county, and sent for plaintiff. When they met she expressed her great affection for him and her desire to return home, and represented that if he would convey her this property she would return and remain, and thereafter continue to live with him as a good and faithful wife; that, believing and relying on these

representations, he conveyed the property to her; that these representations made by her were false and fraudulent, and were made without any intention of keeping them, but were made by her solely to cheat and defraud him of the property; that she never returned to him or to their home, but immediately upon obtaining the deed left for San Francisco where she remained, and thereafter brought an action against him for divorce.

The complaint, in addition, set up adverse possession of the property against the defendant for more than five years, including a period prior and subsequent to his deed to her. In her answer, which denied the allegations of fraudulent representations in procuring the deed, the defendant pleaded also in bar the judgment in the divorce case in her favor, to the extent that it decreed that this property was her separate property and that plaintiff had no interest in it whatever. She denied also the claim of plaintiff as to adverse possession.

The court found that the deed from plaintiff to defendant was procured by actual fraud; that defendant held the legal title in trust for the plaintiff as community property, and directed a reconveyance by her, or, in default, that a commissioner make it. It found also in favor of the claim of plaintiff that he had acquired title against defendant by adverse possession. This latter finding is not supported by the evidence, if for no other reason than that there was no showing whatever on the part of plaintiff that in support of his adverse title he had paid any taxes upon this property at any time during which he alleged he was claiming adversely to defendant. Plaintiff was not claiming under any paper title, but in hostility to his own deed, and while undoubtedly a person may acquire title by adverse possession, even as against his own conveyance, still, as an element to constitute such title, in addition to the showing of the other facts necessary to constitute it, he must prove either that no taxes were levied and assessed upon the land, or that he had paid all taxes which were levied thereon. (*Reynolds* v. *Willard,* 80 Cal. 605, [22 Pac. 262]; *Allen* v. *McKay,* 120 Cal. 335, [52 Pac. 528].) He stood in relation to his title, asserted by adverse possession, as would any other adverse claimant, and it was necessary for him to make full proof of all the conditions required in order to constitute it.

Aside from pointing out this radical defect in the proof by plaintiff to support his claim of adverse possession, we pursue the matter no further, because counsel for respondent in discussing the effect of the decree in the divorce proceeding concedes that if the judgment in that proceeding was *res adjudicata* on the question of the title to this property, then plaintiff was not entitled to recover in the action.

That it was *res adjudicata* we think cannot be doubted.

The position of respondent against this effect of the judgment in the divorce proceeding is, that in such a proceeding the superior court is only vested with such jurisdiction over the property of the spouses as is given by statute; that its jurisdiction is directed primarily to the subject of determining the *status* of the spouses, and while jurisdiction is conferred on the court to determine also their rights as to community property, this is but incidental, and that no jurisdiction is at all vested in the court to pass upon the question of separate property. As supporting this proposition he relies particularly upon *Reid* v. *Reid,* 112 Cal. 275, [44 Pac. 564]. There was, however, in the case cited no dispute as to the character of property. The trial court undertook, nevertheless, to burden the conceded separate property of the wife with rights in favor of the husband, which it was held the court had no power to do. And it is no doubt true, as urged by respondent, that as a general rule the superior court in a divorce proceeding has no jurisdiction to deal with the separate property of the spouses. But the superior court in which the action for divorce must be brought is also invested with general jurisdiction to determine title to real property, whether based on legal or equitable claims, and if the parties in a divorce proceeding see fit to make the character of property held by them—whether separate or community—an issue in the proceeding, as the court is vested with jurisdiction to determine that question, as fully as if the title were put in issue in a direct action brought for that purpose, the same effect must be given to its judgment as if such an action had in fact been brought. While it was not necessary that the question as to the character of the property here involved should have been an issue in the divorce proceeding between these parties they nevertheless did make it such. Neither party objected to doing so, but both invited it. They thereby

voluntarily submitted the matter to a court having general jurisdiction to pass upon the question of title under pleadings which properly raised an issue as to whether it was the community property of the spouses or the separate property of the wife, and the court having pronounced its judgment in favor of the wife upon that issue, and such judgment having become final, it is *res adjudicata* and conclusive upon both parties with respect to any further litigation on the subject.

It is claimed, however, by respondent that the judgment does not operate as *res adjudicata* to the present action, because it cannot be said that the title was litigated in the divorce suit in the same right that it is sought to be litigated in the present action. This point is untenable. While the present action is, it is true, an equitable one to set aside the deed to his wife on the ground of fraud, the judicial action actually sought is to have it decreed that the legal title to the property is in plaintiff here as community property. But the title to the property, whether community or the separate property of the wife, was a direct issue voluntarily submitted in the divorce proceeding. While somewhat beside the question, the plaintiff knew before, and at the time of the divorce proceeding, all the facts constituting fraud which he relies on now to set aside the conveyance to his wife. When litigating this question of title in the divorce proceeding he could have presented all the matters he presents now both by pleading and evidence. If he did not see fit to do so it was his own fault, and the conclusiveness of the judgment cannot be affected by the fact that he attempts to maintain such an action now. The judgment is conclusive, not only on matters affecting the legal title which were actually litigated, but also upon those which might have been.

As far as the record in the divorce suit is concerned, we have only before us the pleadings, findings, and judgment. We have not the evidence which was put in by the parties in the divorce proceeding to sustain their respective claims as to the character of this property, and, for aught that appears here, all claims, legal or equitable, to this property were, as they might have been, litigated in the divorce proceeding, submitted to the court, and disposed of by the judgment pleaded in bar.

The superior court should have found that the judgment in

the divorce proceeding determining that this property was not community property but was the separate property of the defendant, was *res adjudicata* between them on that question and a bar to the right of plaintiff here to further litigate the title in the present action.

The order denying the motion for a new trial is reversed.

Melvin, J., and Henshaw, J., concurred.