[Civ. No. 16221. Second Dist., Div. Three. Sept. 13, 1948.]

CITIZENS NATIONAL TRUST & SAVINGS BANK OF LOS ANGELES (a National Banking Association), Plaintiff and Respondent, v. RUTH H. HAWKINS, as Executrix, etc. et al., Defendants and Respondents; ELVES DWIGHT HAWKINS, Appellant.

536

Bodkin, Breslin & Luddy for Appellant.

Zach Lamar Cobb for Plaintiff and Respondent.

Ray W. Bruce for Defendants and Respondents.

VALLÉE, J.—Citizens National Trust & Savings Bank of Los Angeles, as trustee of its Trust No. 6125, commenced this suit in interpleader against Elves Hawkins, divorced wife of Samuel C. Hawkins, Ruth Hawkins, as executrix of the will of Samuel C. Hawkins, and Regents of the University of California, to compel them to interplead and litigate their several claims to the income of the trust. Elves Hawkins answered claiming that she was entitled to receive all of the income of the trust during the balance of her life. Ruth Hawkins, as executrix of the will of Samuel C. Hawkins, answered and filed a cross-complaint claiming that she, during the administration of the estate of Samuel C. Hawkins, and thereafter the distributees of his estate, was entitled to receive one-half of the income of the trust during the balance of the life of Elves Hawkins. Regents of the University of California answered praying that nothing be taken as against it. Judgment was that Ruth Hawkins, as executrix, and the distributees of the estate of Samuel C. Hawkins were entitled to receive one-half of the income of the trust during the balance of the life of Elves Hawkins. Elves Hawkins appealed. The controversy is between Elves Hawkins and Ruth Hawkins, as executrix, and involves the ownership of the income of the trust from the death of Samuel C. Hawkins until its termination. Regents of the University of California is not interested in the income.

In June of 1930, Samuel C. Hawkins, Elves Hawkins and Citizens National Trust & Savings Bank of Los Angeles executed a declaration of trust. Under the terms of the trust Elves Hawkins, then the wife of Samuel C. Hawkins, was named beneficiary and entitled to receive all the net income therefrom during her lifetime. Upon her death the trust is to terminate and the trust estate go to Regents of the University of California. The trust instrument contained spendthrift provisions. It restrained the beneficiary from transferring or in any other manner affecting or impairing her interest in the income, and provided that the income should be payable only to the designated beneficiary.

Elves Hawkins, on November 24, 1930, filed a suit in the Superior Court of Los Angeles County seeking a divorce from Samuel C. Hawkins. In her amended and supplemental complaint she alleged that the corpus of the trust was community property; that the declaration of trust recited that the corpus was the separate property of Samuel C. Hawkins; that she was induced to sign the declaration of trust because of the refusal of Samuel C. Hawkins to sign it otherwise; that the income of the trust was five hundred ($500) dollars per month and that under its terms she was "entitled to receive during her lifetime the said Five Hundred ($500.00) Dollars per month income therefrom." The complaint prayed for judgment that all property held by defendant or in which he had an interest be declared community property and that the same be equitably divided. In his answer to the amended and supplemental complaint Samuel C. Hawkins admitted that "under the written terms of which [declaration of trust] an income of approximately Five Hundred Dollars ($500.00) per month is provided to be paid to plaintiff"; denied that the corpus of the trust was community property; denied that Elves Hawkins was induced to sign the declaration of trust containing the recital that the corpus was the separate property of Samuel C. Hawkins because of his refusal to sign it otherwise; alleged that he was induced to execute the declaration of trust through the fraud and undue influence of Elves Hawkins and upon "the express promise, representation and agreement upon the part of the plaintiff [Elves Hawkins], that she would pay over and deliver to the defendant [Samuel C. Hawkins], as his separate property, all and every part of the income of said trust when, as and if received by her; that pursuant to said promise, representation and agreement plaintiff has paid over and delivered to the defendant all and every

part of the income received by her from said trust since its declaration, except such parts thereof as she has been permitted to retain by express agreement between the plaintiff and the defendant and/or with the express consent and approval of the defendant.''

After a contested trial in the divorce action the court found that the corpus of the trust was the separate property of Samuel C. Hawkins and was not community property; that Elves Hawkins had not been induced to sign the declaration of trust because of the refusal of Samuel C. Hawkins to sign it otherwise; that under the terms of the declaration of trust Elves Hawkins was entitled to receive during her lifetime the net income thereof; that Samuel C. Hawkins was not induced to sign it through fraud or undue influence; that ''at or about the same time the said declaration of trust was executed by defendant [Samuel C. Hawkins], plaintiff [Elves Hawkins] freely and voluntarily and as a part of the consideration to defendant, entered into and agreed to the creation of an oral trust wherein and whereby she made herself and became a trustee as to the entire income of said trust, under the terms of which trust she agreed to take and hold the entire income of said trust at and with the Citizens National Trust & Savings Bank of Los Angeles, California, as Trustee, for the joint benefit of the plaintiff and defendant, and to pay one-half said income to him, which trust was at all times thereafter and until the commencement of this action in full force and effect,'' and that ''plaintiff is entitled to receive one-half of the net income of said trust fund as her separate property and the defendant is entitled to receive the remaining one-half of said income as his separate property.''

The interlocutory decree, entered June 10, 1932, adjudged that Elves Hawkins was entitled to a divorce from Samuel C. Hawkins. It decreed that Elves Hawkins and Samuel C. Hawkins ''are each entitled to receive one-half the net income'' of the trust and ordered that ''when plaintiff [Elves Hawkins] receives the income from said trust fund she shall pay one-half of such net income promptly to defendant.'' The parties waived their respective rights to appeal from the interlocutory decree and it became final. A final decree of divorce was entered July 11, 1933.

On July 7, 1932, Elves Hawkins executed an assignment to Samuel C. Hawkins in which she recited that the interlocutory decree decreed ''that the said Elves D. Hawkins and the said Samuel C. Hawkins are each entitled to receive one-

half of the net income of said trust fund'' and that it was ''desired that full force and effect be given to said Interlocutory Judgment of Divorce, and that the rights and obligations of the parties hereto be formally settled and determined,'' and in which she transferred to Samuel C. Hawkins one-half of all the net income due and to become due, or that has been or may be derived from said trust.

Samuel C. Hawkins died March 18, 1945.

On the trial of the instant suit Ruth Hawkins offered and there was received in evidence the entire file in the divorce action. Elves Hawkins then offered to prove: (1) that the pleadings in the divorce action did not present any issue that any oral trust was created whereby Elves Hawkins was to receive the income of the trust and to pay Samuel C. Hawkins one-half thereof; (2) that the divorce action was not tried on the theory that the question of the existence of the oral trust in favor of Samuel C. Hawkins in respect to one-half of the income from the trust was in issue; (3) that no evidence was introduced in the divorce action to support the finding that Samuel C. Hawkins was the owner of one-half of the income of the trust; (4) that the parties intended that the assignment should confer upon Samuel C. Hawkins only a life interest in one-half of the income of the trust; (5) that the assignment was prepared by counsel for Samuel C. Hawkins; (6) that Elves Hawkins understood and believed that Samuel C. Hawkins understood that the assignment was to confer only a life interest in one-half of the income of the trust; (7) that the parties construed the assignment as conferring upon Samuel C. Hawkins only a life interest in one-half of the income of the trust; (8) conversations had during negotiations leading to the execution of the assignment indicating that the parties intended that the assignment confer upon Samuel C. Hawkins only a life estate in one-half of the income of the trust. Objections of Ruth Hawkins to the several offers of proof were sustained.

Judgment followed that Ruth Hawkins, as executrix of the will of Samuel C. Hawkins, is the owner of and entitled to one-half of the net income from the trust from the date of death of Samuel C. Hawkins to the date of death of Elves Hawkins, and it ordered the trustee to pay one-half of the net income which had accumulated since the death of Samuel C. Hawkins to Ruth Hawkins, as executrix, for purposes of administration, and to continue to pay to Ruth Hawkins, as such executrix, for purposes of administration, one-half of

the net income from the trust during the administration of the estate of Samuel C. Hawkins so long as Elves Hawkins continued to live, and that upon completion of the administration of the estate of Samuel C. Hawkins to pay one-half of the net income to the persons and in the proportions designated in the decree of distribution to be made in said estate so long as Elves Hawkins continues to live. It further adjudged that the other one-half of the net income be paid to Elves Hawkins so long as she continues to live, and that upon her death the entire trust estate remaining be delivered to Regents of the University of California.

Appellant, Elves Hawkins, contends that she is entitled to receive all of the income of the trust during her life. She asserts that the findings and decree in the divorce action, with respect to the ownership of the income of the trust, were not within the issues; that the court was without jurisdiction to make an adjudication with respect thereto; and that the decree in the divorce action is not res judicata in the present action. She also asserts that the assignment was void, and that the court erred in rejecting her offers of proof.

Appellant's contention that the decree in the divorce action with respect to the ownership of the income is not res judicata in this action is predicated upon the assumption that the ownership and right to receive the income were not in issue in that action. The assumption is erroneous. Appellant herself tendered the issue. She alleged that the corpus of the trust was community property and that she was entitled to receive all of the income. In reply Samuel C. Hawkins alleged that the corpus was his separate property. He admitted that under the *written* terms of the declaration of trust Elves Hawkins was entitled to all of the income but he alleged that it was executed upon the express promise, representation and agreement upon the part of Elves Hawkins that she would pay over and deliver to him, as his separate property, all of the income when, as, and if received by her, and that she had done so with the exception of such parts as he had permitted her to retain. He also alleged that in her sworn questionnaire theretofore filed in the divorce action she had listed the income from the trust as part of his income. The question—which of the parties was entitled to the income of the trust—was thus squarely presented as an issue for adjudication in the divorce action. In its written opinion in that action, which is a part of the file introduced in evidence in the instant action, the court stated "both parties claim the income from

this trust fund'' and that it appeared from the evidence ''that at no time was there any intention that plaintiff should have the full control and use of the income from said trust fund as her sole and separate property, recitals in the trust agreement notwithstanding, but at all times since the establishment of the fund it was, as shown by their acts and words, the express intention of the parties that the income from said fund should be the property of both of the parties jointly.'' It also appears from that file that in her sworn questionnaire Elves Hawkins listed the income of the trust as part of the income of Samuel C. Hawkins.

In its latest exposition of the doctrine of res judicata the Supreme Court in *Bernhard* v. *Bank of America,* 19 Cal.2d 807 [122 P.2d 892] said (p. 813): ''In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?'' Each of these questions is answered in the affirmative in the case at bar. The issue decided in the divorce action was identical with the one presented here. There was a final judgment on the merits in the divorce action with respect to that issue. Elves Hawkins, against whom the plea is asserted here, was a party to the prior adjudication. The court in the divorce action had jurisdiction to decide the issue. Its decree as to the ownership and rights of the parties in the income of the trust is res judicata in the present suit between one of the parties to the divorce action and a privy of the other party. It may not be collaterally attacked. ▆ Appellant says that in the divorce action the court had no jurisdiction over the separate property of either party and that as the income of the trust was her separate property the court had no jurisdiction with respect to it. The correct rule is stated in *Huber* v. *Huber,* 27 Cal.2d 784 [167 P.2d 708]. In that case the wife obtained a divorce on the ground of cruelty. The husband had purchased real property with his separate funds and had had the title conveyed to himself and his wife as joint tenants. The husband, by his pleadings, claimed the real property as his separate property, and the wife, by her pleadings, claimed an interest therein by reason of the joint tenancy deed. The trial court ruled that the real property was the separate property of the husband and that the wife had no interest therein. On appeal the court stated (p. 793):

"Finally, plaintiff contends that the court could not properly in this divorce action determine that plaintiff had no joint tenancy separate property interest in the real property and that it belonged to defendant alone as his separate property. She urges that a court in a divorce action is limited to the disposition of the community property and cannot pass upon a dispute as to the separate property, citing *Allen* v. *Allen,* 159 Cal. 197 [113 P. 160] ; *Reid* v. *Reid,* 112 Cal. 274 [44 P. 564], *Roy* v. *Roy,* 29 Cal.App.2d 596 [85 P.2d 223], *Callnon* v. *Callnon,* 7 Cal.App.2d 676 [46 P.2d 988], and *Glass* v. *Glass,* 4 Cal.App. 604 [88 P. 734]. While the court in a divorce action should not 'assign the separate property of one of the spouses to the other' (*Fox* v. *Fox,* 18 Cal.2d 645, 646 [117 P.2d 325]), yet when the issue has been made the court may determine whether the property is separate or community and quiet title in the rightful owner. (*Salveter* v. *Salveter,* 206 Cal. 657 [275 P. 801] ; *Allen* v. *Allen,* 159 Cal. 197 [113 P. 160] ; *Spahn* v. *Spahn,* 70 Cal.App.2d 791 [162 P.2d 53].) Here the pleadings put in issue the status of the property and the rights of the parties therein both separate and community." In *Roy* v. *Roy,* 29 Cal.App.2d 596, 603 [85 P.2d 223], the court said: "The jurisdiction of the court with respect to the disposal of property in a divorce action is found in section 137 et seq. of the Civil Code. As a general rule, and subject to certain exceptions not material here, the power of the court is limited to a disposition of the community property and the court is without power to pass upon a dispute as to separate property or the disposition of the same (*Allen* v. *Allen,* 159 Cal. 197 [113 P. 160] ; *Reid* v. *Reid,* 112 Cal. 274 [44 P. 564] ; *Glass* v. *Glass,* 4 Cal.App. 604 [88 P. 734] ; *Callnon* v. *Callnon,* 7 Cal.App.2d 676 [46 P.2d 988]). Another exception to the general rules arises where an issue is made by the pleadings as to separate property and both parties, without objection, have submitted the question to the court, in which case it has been held that under its general jurisdiction the court has power to hear the questions raised as to the ownership of separate properties and to make proper disposition thereof (*Glass* v. *Glass, supra*; *Carr* v. *Carr Co.,* 39 Cal.App. 53 [177 P. 856] ; *Marshall* v. *Marshall,* 138 Cal.App. 706 [33 P.2d 416])." In *Callnon* v. *Callnon,* 7 Cal.App.2d 676 [46 P.2d 988], the court said (p. 680) : "Where the property rights are put in issue in a divorce proceeding, either by specific allegations describing such property, or by allegation that no community property existed, the decree is *res judicata*

of such rights. (*Allen* v. *McCrary*, 220 Cal. 508, 510 [31 P.2d 388]; *Brown* v. *Brown*, *supra* [170 Cal. 1, 6 (147 P. 1168)].)'' (To the same effect, *Spahn* v. *Spahn*, 70 Cal.App.2d 791, 796 [162 P.2d 53].) Both parties having invited a determination of the ownership of, and their rights in, the income of the trust, the court had jurisdiction to determine that issue as between them and to quiet the title of the rightful owner in his share thereof. The interlocutory decree became a conclusive adjudication and is res judicata in the present action as to the ownership of the income of the trust. (Code Civ. Proc., §§ 1908, 1962, subd. 6; *Leupe* v. *Leupe*, 21 Cal.2d 145, 148 [130 P.2d 697].)

 It having been conclusively determined by the decree in the divorce action that Samuel C. Hawkins was the owner of one-half the income of the trust, it is unnecessary to determine the validity of the assignment. Whether valid or invalid it added nothing to the force of the interlocutory decree. In effect, it was merely a direction by Elves Hawkins to the trustee to pay one-half of the income direct to Samuel C. Hawkins rather than to pay all of it to Elves Hawkins and she in turn pay one-half to Samuel C. Hawkins. For the same reason appellant's offers of proof were properly rejected. Those concerning the issues in the divorce action and as to whether evidence was received in that action with respect to those issues were contrary to the judgment roll in that action and are not admissible in this, a collateral proceeding, to change the legal effect of the interlocutory decree in any material respect (*Hartson* v. *Dill*, 151 Cal. 137, 142 [90 P. 530]; *Wendt* v. *Gates*, 102 Cal.App. 342, 344 [283 P. 312]; *Kirkpatrick* v. *Harvey*, 51 Cal.App.2d 170, 173 [124 P.2d 367]; 15 Cal.Jur. § 276, p. 290). Those concerning the intention of the parties with respect to the assignment and their practical construction of it were immaterial for the same reasons.

 Appellant argues, with much force, that the spendthrift provisions of the declaration of trust prevented Elves Hawkins from making any agreement with her then husband by which she agreed that he should be the owner of one-half of the income of the trust. Whether Samuel C. Hawkins, the trustor who created the trust and imposed the spendthrift restrictions, could by an executed oral agreement with the beneficiary, Elves Hawkins, waive them is not argued or presented. Whether Elves Hawkins was effectually restrained by the spendthrift provisions from making any agreement as to the disposition of the income of the trust, irrespective of any

executed oral agreement which was a consideration for the creation of the trust, necessarily was decided in the divorce action contrary to appellant's present contention and may not be raised in this suit. ▇ Even if the decree in the divorce action was erroneous in that respect it bars appellant in this subsequent proceeding (*Bendlage* v. *Kohlsaat*, 54 Cal.App.2d 136, 139 [128 P.2d 691]). As was well stated by the learned trial judge, appellant's remedy, if any, was by some appropriate proceeding in the divorce action.

It appears to be conceded that if the interlocutory decree is res judicata the interest of Samuel C. Hawkins in the income of the trust passed to his legatees upon his death subject to administration. That by his will it did so pass is clear (Civ. Code, § 954, Prob. Code, § 300).

Judgment affirmed.

Shinn, P. J., and Wood, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 8, 1948.