[Civ. No. 22469. Second Dist., Div. Three. Mar. 18, 1958.]

JOHN G. OPPENHEIMER, Appellant, v. V. W. SMITH et al., Respondents.

John G. Oppenheimer, in pro. per., for Appellant.

E. E. Bennett, Edward C. Renwick, Malcolm Davis and Jack W. Crumley for Respondents.

THE COURT.—Plaintiff brought this action against V. W. Smith, E. J. Hilton, and Union Pacific Railroad Company for damages for alleged breach of contract. A special defense of res judicata was sustained.

The complaint, filed February 24, 1956, alleged that defendants Smith and Hilton were employees of the railroad; on February 25, 1952, plaintiff was in the employ of the railroad under a written contract; he has duly performed all the terms and conditions of the contract; the contract provided that no employee would be disciplined or dismissed without a fair hearing by his supervising officer; on February 26, 1952, the railroad, through Hilton, purported to give plaintiff a hearing; at the end of the "unfair hearing" Hilton said a decision would be rendered in due course; the statement was "a sham and a farce"; Smith was not present at the hearing and did not hear the evidence; he did not read it before February 28, 1952, if at all; under date of February 27, 1952, the railroad, through Smith, wrote to plaintiff, saying in part: "Having carefully considered the evidence adduced at the hearing held February 26, 1952, I find . . . That you failed to protect assignment . . . Therefore, you are discharged from the company's service"; the transcript of the evidence taken at the hearing bears the date February 28, 1952, the testimony was not taken under oath, the testimony was not

signed by any witness who testified, a blank space appears in each instance at the end of all witnesses' testimony and below the words, "I have read the foregoing & it is correct"; as a proximate result of the conduct of defendant, plaintiff was deprived by defendants of his employment and livelihood, to his wage loss and damage in the sum of $20,000.

The complaint further alleged that in February 1952 plaintiff had pending against the railroad an action for personal injuries suffered by him within the course and scope of his employment on May 6, 1951, and within the meaning and purview of the Federal Employers' Liability Act; in April 1952 judgment was entered for plaintiff in that action and against the railroad; the judgment became final; plaintiff was discharged from his employment by reason of that lawsuit and each defendant is guilty of unfair labor relations and practices, breach of the written contract of employment, all to plaintiff's damage in the sum of $20,000.

Defendants filed separate answers. Each answer alleged as a special defense that on October 7, 1954, in an action then pending in the municipal court of Los Angeles Judicial District between the same parties and for the same cause of action as set forth in the complaint in the present action, judgment was duly entered and made ordering and adjudging that the plaintiff take nothing by his action; on April 19, 1955, the judgment of the municipal court was affirmed by the appellate department of the superior court, and it became final.

Pursuant to section 597 of the Code of Civil Procedure, the court proceeded to the trial of the special defenses before the trial of any other issue. The court found the allegations of the special defenses were true and "the judgment thereby pleaded is valid, it litigated the same thing, with the same parties who were sued in the same names and in the same capacities and the plaintiff had actual notice of the pendency of the action." Judgment was entered that plaintiff take nothing in the present action. He appeals.

It is contended the findings are not supported by the evidence. The record of the municipal court action alleged in the special defenses was introduced in evidence at the trial. It appears therefrom that the complaint in the present action is in all essentials a duplicate of the complaint in the municipal court action. Plaintiff there is the plaintiff here. The defendants there are the defendants here. Each defendant

answered. The court in the municipal court action made findings which recite that the action came on for trial before the court, sitting without a jury, the plaintiff appearing in person and acting as his own attorney, and the defendants by their attorney, that "evidence both oral and documentary was offered by the plaintiff," and that the court considered all the evidence submitted. The court found that plaintiff did not prove that defendants, or any of them, disciplined or dismissed an employee without a fair hearing by his supervising officer; plaintiff did not prove that defendants, or any of them, deprived plaintiff of his employment and livelihood, his job, any of his property rights, or any of his contractual rights; plaintiff did not prove that defendants, or any of them, breached a written contract of employment. Judgment in that action was that plaintiff take nothing. Plaintiff made a motion to vacate the judgment on the ground it was void, which was denied. A motion for a new trial was denied. Plaintiff appealed to the appellate department of the superior court. The judgment was affirmed and became final.

■ " 'In determining the validity of a plea of res judicata three questions are pertinent: Was the issue decided in the prior adjudication identical with the one presented in the action in question? Was there a final judgment on the merits? Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication?' (*Bernhard* v. *Bank of America*, 19 Cal.2d 807, 813 [122 P.2d 892].)'' (*Freeze* v. *Salot*, 122 Cal.App.2d 561, 566 [266 P.2d 140].)

■ The plea of res judicata was good. The issues decided in the municipal court action were identical with the ones presented in this action; the judgment in the municipal court action was a final judgment on the merits; and plaintiff, the party against whom the plea is asserted, was a party to the adjudication of the municipal court.

It is argued that the municipal court action was not on the merits. The record clearly shows the contrary. ■ Even if the judgment in that action was erroneous, as plaintiff urges, it bars the present action. (*Citizens Nat. Trust & Sav. Bank* v. *Hawkins*, 87 Cal.App.2d 535, 544 [197 P.2d 385].)

■ Plaintiff argues the municipal court judgment was void because the judge who tried the case was disqualified. He raised the same point on his appeal to the appellate department and that court held the judge was qualified. That holding is conclusive in this action.

We have examined the numerous cases cited by plaintiff. None of them is in point.

The judgment is affirmed.

A petition for a rehearing was denied April 14, 1958, and appellant's petition for a hearing by the Supreme Court was denied May 14, 1958.