[Civ. No. 18628.   First Dist., Div. One.   Dec. 18, 1959.]

MARGARET FALLON, Appellant, v. AMERICAN TRUST COMPANY (a Corporation), as Executor, etc., Respondent.

Appel, Liebermann & Leonard for Appellant.

Lange & Rockwell for Respondent.

TOBRINER, J.— This case presents the sole issue of whether or not appellant's second amended complaint states a cause of action. This complaint alleges: (1) an oral agreement by the decedent to devise and bequeath one-fourth of his estate to appellant in consideration of her forbearance from suing for divorce; (2) forbearance from suit by appellant despite legal grounds therefor; and (3) decedent's execution of a will which disposed of his entire estate without provision for appellant. Alleging that respondent was estopped to assert the oral agreement and that she would be "unconscionably and irreparably injured" unless relief were granted, appellant prayed for imposition of a constructive trust upon one-fourth of decedent's estate. The superior court entered judgment sustaining, without leave to amend, respondent's demurrer for failure to state a cause of action. The judgment should be affirmed for the reasons stated *infra*.

The policy of protection of an alleged obligor against parol claims, embodied in the statute of frauds, becomes particularly pertinent in the attempted enforcement of such a claim after the death of the alleged promisor. Here, to escape the ban of the statute the decisions require more than a bare promise; the easy concoction of a claimed oral agreement offers too likely a method to obtain property in violation of the decedent's intent. As the Supreme Court stated in *Notten* v. *Mensing* (1935), 3 Cal.2d 469, 477 [45 P.2d 198], "[I]n such cases the temptation is strong for those who are so inclined to fabricate evidence giving color to the claim that the parties entered into such an oral agreement...."

While under certain unusual circumstances, in order to avoid unconscionable injury to the one party and unjust enrichment to the other, the courts have upheld an estoppel as to the assertion of the statute, the pleaded facts here fall far short of alleging any such extraordinary conditions. We shall first set forth the statutory provisions, then analyze three decisions which adjudicate unconscionable injury and unjust enrichment, and finally test these pleadings in the light of these considerations.

The general rule of the statute of frauds that a person's directions or agreements for the disposition of his property upon his death must be in writing finds expression in several code provisions. Civil Code, section 1624, subdivision 6, makes invalid any "agreement to devise or bequeath any property, or to make any provision for any person by will" unless it is in writing and "subscribed by the party to be charged...."

Section 1973, subdivision 6, of the Code of Civil Procedure, is of similar import; Probate Code, section 50, requires that "[e]very will, other than a nuncupative will, must be in writing and every will, other than a holographic will and a nuncupative will, must be executed and attested. . . ."

The kind of extraordinary circumstances required to establish an estoppel as to the assertion of the statute is illustrated by *Monarco* v. *Lo Greco* (1950), 35 Cal.2d 621 [220 P.2d 737]. There the decedent and his wife "made an oral proposal" to his wife's son by a previous marriage "that if he stayed home and worked they would keep their property in joint tenancy so that it would pass to the survivor who would leave it to" the wife's son. (P. 622.) The son devoted more than 20 years to the development of the property. Subsequently the decedent executed a will in breach of the oral agreement. The probate court distributed the property pursuant to this will. The executors of the decedent's wife sought in this action to enforce the oral contract against the decedent's devisee. Pointing out that the doctrine of estoppel has been applied as a defense to the statute of frauds in order to prevent fraud that "would result from refusal to enforce oral contracts in certain circumstances" (p. 623), the court states: "Such fraud may inhere in the unconscionable injury that would result from denying enforcement of the contract after one party has been induced by the other seriously to change his position in reliance on the contract . . . , or in the unjust enrichment that would result if a party who has received the benefits of the other's performance were allowed to rely upon the statute." (Pp. 623-624.) Holding that the wife was a third party beneficiary of the oral agreement, the Supreme Court sustained the trial court's declaration of a constructive trust of the property in favor of the wife's executors.

*Notten* v. *Mensing, supra* (1935), 3 Cal.2d 469, likewise demonstrates the unusual nature of "facts necessary to raise the estoppel." (P. 476.) The allegations as to "the making of the oral agreement to leave the property to their respective collateral kindred upon the death of the survivor; the making of the reciprocal wills pursuant to such agreement; the death of the husband before either will was revoked; the acceptance by the wife of the benefits under her husband's will; the wife's revocation of the old will and the execution of the new will in violation of the oral agreement" (pp. 476-477) demonstrated a "change of position" and a "reliance on the agreement" (p. 477) sufficient to establish an estoppel.

On the other hand, the recent case of *Parker* v. *Solomon* (1959), 171 Cal.App.2d 125 [340 P.2d 353], portrays the converse situation in which the pleadings did not suffice to support the estoppel. Plaintiff alleged that her father had deserted and failed to support her; that plaintiff finally located him in New York, demanded support, and informed him she wanted to move to Los Angeles, where he maintained his home; that he orally promised he would transfer to her one-half of his estate either during his lifetime or at his death if she would refrain from making the claim or moving to Los Angeles. Despite her performance of her promise the father failed to convey the property. In affirming the trial court's sustaining of the demurrer, the court points out that the oral agreement *"in and of itself"* will not support the estoppel (p. 133); that the claimed forbearance from a demand for support was ineffective, since at the time she made the oral agreement plaintiff was 25 years of age and she did not allege either before or after that date she was "unable to support herself." (P. 134.) "Her actions in 'remaining away from decedent's home . . .' . . ." could not "legally . . . be considered to constitute unjust enrichment . . ." (P. 134.)

▮▮▮ Turning to appellant's pleadings here, they fail to set forth the "additional extraordinary conduct or circumstances to justify a refusal to apply the statute" postulated by the above cases. (*Parker* v. *Solomon* (1959), 171 Cal.App. 2d 125, 133 [340 P.2d 353].) While appellant asserts that "[i]n keeping her agreement" not to commence an action for divorce, she "forfeited . . . a determination of her property and support rights" against her husband (Second Amended Complaint, paragraph VII), such an allegation fails to establish the requisite "unconscionable injury" to the one party and the "unjust enrichment" to the other.

The "property rights" to which appellant alludes must comprise claims either to community or separate property. Yet the complaint alleges neither that any community property existed nor that decedent's estate consisted of community property. It does not allege that at the time of the making of the alleged oral agreement any of decedent's property was, or was claimed by appellant to be, community property.

As to separate property, the asserted relinquishment of appellant must retreat to even more remote grounds. "Neither husband nor wife has any interest in the property of the other. . . ." (Civ. Code, § 157.) In *Reid* v. *Reid* (1896), 112 Cal. 274 [44 P. 564], the Supreme Court, passing upon a case in

which the trial court granted the husband a divorce, reversed an award to the husband of an interest in the wife's separate property, saying "this was clearly beyond the *power* of the court to do." (P. 277; emphasis added.) In *Allen* v. *Allen* (1911), 159 Cal. 197 [113 P. 160], the court stated: "[A]s a general rule the superior court in a divorce proceeding has *no jurisdiction* to deal with the separate property of the spouses." (P. 201; emphasis added.)

Finally, appellant's alleged forfeiture of "a determination of her ... support rights" (Second Amended Complaint, paragraph VII) is too speculative a basis upon which to support the required showing. Such right of support is not automatic. It depends upon the length of the marriage, the earnings of the spouses, and a variety of other factors, none of which are alleged here. As Civil Code, section 142, states: "When the prevailing party in the action has either a separate estate, or is earning his or her own livelihood . . . the court in its discretion, may withhold any allowance [for support] to the prevailing party out of the separate property of the other party." Indeed, only in the instance of divorce or separate maintenance does this "right" assume a concrete legal form; until then it is inchoate and undefined. The forfeiture of this uncertain claim is not to be assimilated to the substantial undertakings of those for whom the decisions *supra* set up estoppels. (See *Parker* v. *Solomon* (1959), 171 Cal.App.2d 125 [340 P.2d 353].)

The forbearance here is ephemeral; it is insufficient to show a change of position by appellant by which she surrendered substantive rights and by which her husband correspondingly became unjustly enriched.

We affirm the judgment.

Bray, P. J., and Duniway, J., concurred.