[Civ. No. 2585.   Second Appellate District, Division One.—December 4, 1918.]

## FANNY BRIGGS CARR, etc., Respondent, v. CARR COMPANY (a Corporation), et al., Appellants.

DIVORCE—QUIETING TITLE—JURISDICTION.—While in an ordinary proceeding for divorce the court is not authorized to dispose of the separate property of either party, that rule does not apply in a case where the action is dual in character, seeking not only a divorce but an adjudication as to the separate character of certain described property, and where the parties voluntarily submit the issue as to the property for determination, the court has jurisdiction to quiet the title of the rightful owner thereto.

ID.—DECREE—FAILURE TO ORDER CONVEYANCE.—Where the decree in an action for divorce, which also determined the character of property, has become final, its effect may not be avoided by the contention that it should have provided for a conveyance of the property by the holder of the legal title to the successful party.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank G. Finlayson, Judge. Affirmed.

The facts are stated in the opinion of the court.

Andrew J. Copp, Jr., for Appellants.

H. H. Appel for Respondent.

CONREY, P. J.—This is an appeal from a judgment quieting the plaintiff's title to certain described real property. The evidence of plaintiff's title consists of the judgment rendered in a certain action of divorce wherein Fannie A. King was plaintiff and Maurice A. King and the Carr Company were defendants. Upon issues voluntarily presented by the parties for decision in that action, the court determined therein that said real property was purchased or traded for by the defendant King with property then and there the property of the plaintiff, except as to the sum of five hundred dollars, which the defendant King had contributed by purchasing a mortgage upon certain personal property of the plaintiff which thereafter was used in trading for said acreage; that the defendant King, taking advantage of his relationship with

the plaintiff as her husband, and of the trust and confidence which she reposed in him, had caused the title to said land to be placed in the name of the Carr Company without the knowledge or consent of the plaintiff; that the defendant King controlled the business of said corporation for his own use and benefit; that the defendant King commingled the funds of the Carr Company and his own personal funds and the funds of the plaintiff continuously and in such a manner that it was impossible to separate the same at the time of the trial of that action, and had used them indiscriminately for his own purpose, for the support of plaintiff and himself, and for the purpose of the Carr Company; that the defendant corporation never had any right, title, interest, or estate in and to the property mentioned in the pleadings therein and that the title to the sixteen and one-half acres of land (being the land involved in the present action), was held by the defendant corporation for the use and benefit of the plaintiff, and that she was at all times mentioned in the pleadings therein the absolute owner thereof as her own separate estate. Pursuant to the findings in that action, the court decreed that the plaintiff was the owner in her own right and as her own separate property of said real property. In that action it was claimed by the defendants that said real property when conveyed to the Carr Company was the sole and separate property of the defendant King and that the plaintiff had no interest whatever therein; that the defendant corporation was indebted to the defendant King in a sum exceeding eleven thousand dollars evidenced by a note of the corporation to defendant King, secured by a mortgage upon said real property. The court found that the defendant King was the owner of the note in said sum executed to him by the defendant corporation, secured by mortgage on said real property, executed by the defendant company; but nevertheless determined and decreed that the plaintiff was the owner of said real property, subject only to certain liens which are not involved in the present action.

The first contention made by appellants is stated as follows: "The plaintiff possessing an equitable interest in the real property, is not entitled to a judgment quieting title to said real property as against the Carr Company, the owner of the legal title. In the divorce action the court had no jurisdiction to make any award as to the separate property of the

wife, and the finding by that court in said divorce proceeding that the property in question was the separate property of the wife divested it of every jurisdiction over the same and the decree purporting to do so was a nullity.'' These two propositions, which we have treated as one, cannot successfully be maintained. The decree in question determined that the plaintiff was the owner of said property in her own right and as her own separate property and estate. This was not merely a determination of the equities claimed by her. It was sufficient to vest in her a complete legal title. Conceding that in an ordinary proceeding for divorce the court is not authorized to dispose of the separate property of either party, that rule does not apply in a case where the action is dual in its character, seeking not only a divorce but an adjudication as to the separate character of certain described property and a decree in effect quieting plaintiff's title thereto. The issue as to the property having been fairly made and by both parties submitted to the court for determination, the court had *jurisdiction* to determine the question involved as to the character of the property and to quiet the title of the rightful owner thereto. (*Glass* v. *Glass*, 4 Cal. App. 604, [88 Pac. 734]; *Allen* v. *Allen*, 159 Cal. 197, [113 Pac. 160].)

The remaining proposition of appellants is stated as follows: ''The decree in the divorce action purporting to award plaintiff's separate property to her, of itself did not constitute a conveyance of the property and it appeared from the records in that action that no writ of assistance or execution had ever been issued or enforced to compel a conveyance from the Carr Company holding the legal title, to the plaintiff the owner of the equitable title.'' The trouble with this proposition is that it is based upon the findings of fact in the former action, rather than upon the conclusions of law and the decree. It may be that it would have been appropriate for the court in that action to hold that the legal title was vested in the defendant corporation in trust for the plaintiff, and order that the corporation execute the trust by making a deed of conveyance to the plaintiff. But the court, acting within its jurisdiction, chose the direct method of affording relief by judicially determining and decreeing that the plaintiff was the owner of the property. That decree having become final, its effect may not now be avoided by contending that a different form of decree should have been entered. The court com-

mitted no error in refusing to allow the defendants to give evidence of claims now asserted by them, based upon facts which by their own admission were in existence at the time of the trial of the former action, and which they here have attempted to use as a means of defeating the effect of the judgment in that action.

The judgment is affirmed.

James, J., and Myers, J., *pro tem.*, concurred.