[Civ. No. 2646. Second Appellate District, Division One.—June 10. 1919.]

## B. S. K. BENNETT, Executor, etc., Appellant, v. NELSON D. BENNETT et al., Respondents.

[1] JURIES AND JURORS—FUNCTION IN ACTIONS IN EQUITY.—In an action in equity a jury acts only in an advisory capacity and its verdict may be disregarded by the court.

[2] ID.—ACTION TO SET ASIDE DEEDS—RIGHT TO JURY TRIAL.—An action to set aside deeds on the grounds of mental incapacity of the grantor, undue influence of the grantee, want of consideration, and lack of delivery, wherein the pleadings are silent on the subject of the possession of the property, being one solely of equitable cognizance, the plaintiff is not entitled to a trial by jury.

[3] ID.—EFFECT OF VERDICT.—In such a case, the verdict of the jury, when allowed, is subject to the rule that in equity cases such verdict is not binding unless approved by the court.

APPEAL from a judgment of the Superior Court of Los Angeles County. Curtis D. Wilbur, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. B. Holley and Barr & Holley for Appellant.

Fredericks & Hanna for Respondents.

CONREY, P. J.—The plaintiff appeals from a judgment in favor of the defendants.

The complaint refers to three deeds made by plaintiff's testator, one made on March 18, 1913, purporting to convey a described lot to defendant Nelson D. Bennett; one made on June 21, 1913, purporting to convey another described lot to defendant Edward D. Bennett, and one made on August 12, 1913, purporting to convey a third described lot to defendant Nelson D. Bennett. It is alleged that each of said deeds was executed while plaintiff's testator, Mary K. Bennett, was insane, feeble, and mentally incompetent to attend to her business affairs, and that at the stated times and while the said Mary K. Bennett was so insane, etc., the defendants unduly influenced her to make said deeds;

that the deeds were executed without any consideration therefor. It is further alleged that the deeds were never delivered, but were handed to the defendant Edward D. Bennett by the said Mary K. Bennett, with instructions to take said papers and take care of them for her for fear something might happen to her; that thereafter, without said deeds ever having been delivered, they were placed on record by the defendants for the purpose of cheating the said Mary K. Bennett and her estate out of said property. It is further alleged that said Mary K. Bennett never intended to part with the title or any part thereof during her lifetime, but intended said deeds to operate as wills or transfers of the property after her death; that "she was insane, feeble in mind, and mentally incompetent and did not know the difference between a deed and a will, and supposed when she signed said deeds that she was making a disposition of her property in the same way that she would by a will properly executed."

Based upon these allegations and the alleged facts that on the eighteenth day of March, 1913, the said Mary K. Bennett was the owner and in possession of said lots, and that she died on the sixteenth day of October, 1913, and that the plaintiff is the duly qualified executor of her last will and testament, the plaintiff "therefore alleges that the said real estate hereinbefore belonged to the said Mary K. Bennett at the time of her death, and she was the owner and holder thereof in fee simple, and the same is now a part of the estate of the said Mary K. Bennett and now belongs to this plaintiff as executor of the estate." The prayer is that said deeds each be declared to be null and void and be delivered up and canceled; that it be adjudged that plaintiff as executor is the owner of said land and that the defendants have not any right, title, or interest therein, and that defendants be forever debarred from asserting any right, title, or interest therein.

We have thus carefully set forth the issues, and the only issues, proffered by the complaint, because the appeal rests solely upon the ground that appellant has been deprived of the right to a trial by jury, a right which he cannot maintain unless the action is, in respect to some issue therein, an action at law. The case was tried before a jury, which rendered a general verdict for the plaintiff. The court

also submitted to the jury six special interrogatories, of which the jury answered only three. Thereafter the judge who presided at the trial set aside the verdict and made findings of fact and conclusions of law, pursuant to which he caused judgment to be entered in favor of the defendants.

[1] Appellant concedes that in a case in equity a jury acts only in an advisory capacity and its verdict may be disregarded by the court. He contends, however, that the case is one "of mixed law and equity, the proposition of delivery of deeds being purely a law proposition, and one in which the jury has the power to render a verdict"; that, therefore, if the court was not satisfied with the verdict, its utmost power was the power to grant a new trial, wherein the plaintiff might again claim the right of trial by jury.

[2] If this had been an action in ejectment, an action wherein the right to possession of real property was the real issue involved, and the delivery or nondelivery of the deeds had been in dispute, we would have an action at law and issues at law upon which the parties would be entitled as of right to a jury trial. But the cause of action stated in the complaint here is entirely of an equitable nature. This is so whether the action be regarded as one brought to set aside deeds obtained by fraudulent means, or be considered as an ordinary action to quiet title. The allegations concerning delivery of the deeds are no part of any cause of action pleaded by the plaintiff, except as those allegations are incidental to the application made for equitable relief. The complaint does not show that the decedent at the time of her death was in possession, or that plaintiff ever was in possession, or that defendants are in possession of the property or any part thereof, and does not demand possession. It does not state a cause of action in ejectment. The answer raises issues upon the allegations of the complaint concerning the deeds made to defendants, and denies the plaintiff's claim of ownership. It is silent on the subject of possession. The defendants were content to rest on their denials and to demand that the plaintiff take nothing. If the judge had approved the verdict of the jury, the court's judgment would have been, and could have been, nothing other than a decree in equity. The cause of action relied upon being solely of equitable cognizance, the plaintiff was not entitled to a trial by jury. (*Davis* v. *Judson,* 159 Cal.

121, [113 Pac. 147].)   **[3]**   In such a case the verdict of the jury, when allowed, was subject to the rule that in equity cases such verdict is not binding unless approved by the court.   (*Sweetser* v. *Dobbins,* 65 Cal. 529, [4 Pac. 540]; *Rockhill* v. *Parker,* 22 Cal. App. 371, [134 Pac. 720].)

The judgment is affirmed.

Shaw, J., and James, J., concurred.