[Civ. No. 6223. Second Appellate District, Division One.—October 4, 1929.]

ARGYLE McLACHLAN, Respondent, v. PAULINE VIOLA McLACHLAN, Appellant.

M. C. Atchison for Appellant.

Ault & MacKinnon for Respondent.

YORK, J.—This appeal is from an interlocutory decree of divorce granted to plaintiff, and from an order denying the defendant's motion for a new trial based upon the ground that the decision is contrary to the evidence.

There was evidence introduced proving or tending to prove the following facts: The plaintiff and defendant intermarried on the twentieth day of December, 1910, at Victoria, Texas. In the spring of 1912 they came to El Centro, which is situated in the Imperial Valley in California, where they lived for about two months, after which defendant returned to Victoria. However, she made another trip to El Centro the following winter, and in the spring of 1913 again returned to Victoria because of her ill health, and has since then lived in Victoria with her mother, separate and apart from her husband, except for visits made each year by the plaintiff to Victoria. His last visit was made at Christmas time in 1924. Meantime, the plaintiff was employed at El Centro earning a salary of $533 per month, and in addition operated a 160-acre cotton ranch, which he owned. At various times during the years, the plaintiff requested the defendant to come to California and make her home with him at El Centro, but she refused on the ground that her health would not permit her to live in that climate. The plaintiff in 1920 offered to procure a home for the defendant and their son (who was born in 1915) in San Diego, California, in order that he might be near enough to see them, but defendant refused the offer, giving as her reason therefor the fact that plaintiff could not afford it. Just before leaving California for his annual visit to defendant in December, 1924, plaintiff arranged to rent a comfortable house in Calexico, with the view of making it a home for himself and family, but when he broached the subject to defendant, she informed him that she would never come to Imperial Valley, whereupon he investigated business opportunities at Victoria, but was unable to find anything attractive or which gave indication that he could make a living there.

Plaintiff left Victoria early in January, 1925, and early in the fall of that year he wrote defendant that he had

decided to plan the future for himself alone. After a delay of some months, the defendant, in company with their son, made a trip to California, but remained only five days, and in February, 1926, plaintiff filed action for divorce on the ground of desertion. The cause came on for trial before a jury, which failed to agree, whereupon the court discharged them and determined the issues without their aid, granting to the plaintiff an interlocutory decree of divorce from defendant on the ground of wilful desertion.

The appellant's first contention is that the court should have granted her motion for a new trial for the reason that the judgment of the court is contrary to the evidence.

Appellant next contends that the court should have granted her motion for a nonsuit for the reason that plaintiff failed to establish that defendant deserted him, and for the further reason that there was no testimony to corroborate the plaintiff as to the desertion.

In divorce actions the question of desertion is an ultimate fact to be found by the court on the establishment of several probative facts.

Section 130 of the Civil Code only requires that there shall be some corroborating evidence in an action for divorce, the purpose being to prevent collusion, and upon an examination of the record we are convinced that plaintiff was sufficiently corroborated by the testimony of his two sisters and by the letters introduced in evidence by the defendant.

Appellant further contends that the court erred in refusing the defendant the right of a jury trial, when demand was made after the jury impaneled had disagreed and had been discharged.

In the instant case the jury disagreed after six hours' deliberation, and it was proper for the court to discharge them and decide the case himself, especially when any verdict rendered would not have been binding upon him, if he saw fit to disregard it. 9 California Jurisprudence, page 718, section 81: "As the Constitution secures the right only in those cases in which it existed at common law, and as the right of trial by jury did not exist in divorce cases at common law, it follows that a trial by jury in a divorce action cannot be demanded as a matter of right under the Constitution. . . . However, it is

optional with the judge to submit special issues to the jury. . . . The verdict in such cases is only advisory. . . . ''

''In actions of this character, a party is not entitled to a jury as a matter of right, and if a jury be called in, it simply acts in an advisory capacity, the court being compelled to make findings of its own, and in so doing, it is free to adopt or reject the findings of the jury, as it seems proper.'' (*De Arellanes* v. *Arellanes,* 151 Cal. 443 [90 Pac. 1059, 1060].)

The appellant maintains that the several findings of the court, to wit: 1. That defendant deserted plaintiff for a period of one year prior to filing of action for divorce; 2. That defendant wilfully deserted plaintiff; 3. That defendant's return was not in good faith; 4. That defendant refused to come to Imperial Valley and live and cohabit with plaintiff, without just cause,—are contrary to the evidence, and that there is no evidence that the defendant had any intent to desert plaintiff or that plaintiff had chosen a reasonable place of abode for defendant.

The record shows that the parties had lived apart for the entire period from their marriage, except for a few months, the husband visiting the wife once each year for a period of several weeks, and that the wife, although repeatedly requested to do so by her husband, refused to live with him in Imperial Valley, assigning her ill health as her reason for such refusal. The court's finding in regard to her health is as follows: ''But the Court finds that it is not true that at Plaintiff's request, Defendant, and/or their son, remained in Victoria, Texas, on account of the ill health of the Defendant, and/or by reason of their son being frail, and/or because both, or either of them, could have the advantage of the services of their family physician, or for any other reason whatsoever. That it is not true that Plaintiff discouraged Defendant each, or any, time Defendant desired to return to California for the purpose of again establishing a home with the Plaintiff, or for any other reason, but the Court finds on the contrary, that Defendant never did desire, or offer to, return to California, at any time, but did on many occasions fail, and refuse, to return to California, or to go any other place than to Victoria, Texas, to establish a

home with Plaintiff, although Plaintiff did, on many occasions, ask that she do so."

When the husband finally told her he intended to go his way alone, she came to California, but remained only a few days. The court's finding as to this trip is as follows: "The Court finds that it is true that on the 23rd day of December, 1925, Defendant and their son came to Calexico, and did offer to again live there with the Plaintiff, but the Court finds that such visit and offer was not made in good faith, and that Plaintiff believed that such visit and offer was not made in good faith, and that in fact such visit and offer were made only for the purpose of preventing Plaintiff from filing an action for divorce."

We are of the opinion that there was sufficient evidence to support each and every finding made. [5] As is usual in cases of this character, the evidence is conflicting, and the findings made by the trial court, who had the parties before him and the opportunity to question them, will not be disturbed upon appeal.

The interlocutory judgment of divorce is affirmed. The appeal from the order denying motion for a new trial is dismissed.

Conrey, P. J., and Houser, J., concurred.