[Civ. No. 8950.   First Appellate District, Division One.—May 28, 1934.]

LENA E. MARSHALL, Respondent, v. EDMUND A. MARSHALL, Appellant.

Walter L. Mann for Appellant.

Arthur C. Webb and James MacIntosh for Respondent.

KNIGHT, J.—This appeal was taken on the judgment-roll alone. The sole question presented is whether the trial court, after having denied plaintiff a divorce, exceeded its jurisdiction, as defendant contends, in decreeing, in accordance with the allegations of the complaint, that plaintiff was the sole and separate owner of a lot described therein.

An analogous situation was before the Supreme Court in the case of *Allen* v. *Allen,* 159 Cal. 197 [113 Pac. 160, 162], in an appeal from a judgment rendered in an action to set aside a deed, and it was held that the trial court did not exceed its jurisdiction. There, as here, the wife had sued for divorce and claimed certain real property as her separate property. She was denied a divorce. It was awarded to the husband on his cross-complaint. Nevertheless the trial court found and gave judgment that the wife was sole and separate owner of said real property. In sustaining the trial court's action in so doing, the Supreme Court said: " . . . it is no doubt true, as urged by respondent, that as a general rule the superior court in a divorce proceeding has no jurisdiction to deal with the separate property of the spouses. But the superior court in which the action for divorce must be brought is also invested with general jurisdiction to determine title to real property, whether based on legal or equitable claims, and if the parties in a divorce proceeding see fit to make the character of property held by them—whether separate or community—an issue in the proceeding, as the court is vested with jurisdiction to determine that question, as fully as if the title were put in issue in a direct action brought for that purpose, the same effect must be given to its judgment as if such an action had in fact been brought." The same doctrine was restated and applied in *Carr* v. *Carr,* 39 Cal. App. 53 [177 Pac. 856], wherein the court said: "Conceding that in an ordinary proceeding for divorce the court is not authorized to dispose of the separate property of either party, that rule does not apply in a case where the action is dual in its character, seeking not only a divorce but an adjudication as to the separate character of certain described property and a decree in effect quieting plaintiff's title thereto. The issue as to the property having been fairly made and by both parties submitted to the court for determination, the court had *jurisdiction* to determine the question involved as to the character of the property and to quiet the title of the rightful owner thereto. (*Glass* v. *Glass,* 4 Cal. App. 604 [88 Pac. 734] ; *Allen* v. *Allen,* 159 Cal. 197 [113 Pac. 160].)" Another case holding to the same effect is *Barrow* v. *Barrow,* 42 Cal. App. 51 [183 Pac. 364].

■ In the present case the wife sought the divorce upon the ground of cruelty. There were no children, and as to the property rights, she alleged in paragraph IV of the complaint: ''That the parties hereto have acquired no community property since the consummation of this marriage, but that plaintiff previous to this marriage had and owned the following described property in the County of Los Angeles, State of California, more particularly described as follows: Lot 8, Block 11 of Floristan Heights Tract as shown in the records of the office of the County Recorder of said County in Book of Maps 16 at page 106, and that said property is the sole and separate property of the plaintiff herein and that if defendant claims any interest thereto, that he set forth his interest and this Court may decree that the said defendant has no interest in said property.'' And besides asking for the divorce, alimony and attorney's fees, she prayed that ''defendant be required to set forth any and all claims he may have to the property set forth in this complaint as the separate property of the plaintiff and that this Court determine, decide and decree that the defendant herein has no right, title, claim or interest in or to said property, and for such other and further relief as to this Court may seem just''. In his answer defendant denied the charges of cruelty and with respect to paragraph IV of the complaint denied ''that said parties have acquired no community property. . . . '' He then set forth the specific items thereof, consisting entirely of personal property, mostly household goods; and continuing, he denied that ''said real property described in said paragraph IV is the sole and separate property of plaintiff; but to the contrary alleges that said property is community property and that defendant has a community interest in same.'' And among the relief prayed he asked ''that the court adjudicate and determine the rights of the respective parties in and to said property''. On the issues thus framed and submitted for determination, the trial court after denying plaintiff a divorce found that the parties had acquired community property but held that no disposition would be made thereof; and then with respect to the real property found as alleged in the complaint, ''That plaintiff herein is the owner of the following described property located in the County of Los Angeles, California, as her sole and separate property [here

followed the description]; the Court further finds that the defendant herein has no right, title, claim or interest in or to said real property.'' The conclusions of law and the judgment conformed to the findings.

The appeal having been taken on the judgment-roll alone it must be presumed, of course, that evidence was introduced on the contested issue relating to the title to the real property and that the findings and judgment are supported thereby. Therefore, since it affirmatively appears that plaintiff's action was dual in its character, in that she sought not only a divorce but an adjudication as to the character of the real property described therein and a decree quieting her title thereto, and that defendant joined in asking the trial court to adjudicate that issue, it must be held here, in conformity with the rule of the cases cited, that the trial court did not exceed its jurisdiction in determining the issue.

We find nothing in the numerous California cases cited by appellant at variance with the rule established and adhered to by the cases above cited. In one of them, *West* v. *West*, 206 Cal. 706 [276 Pac. 100, 102], the action eventually was one for separate maintenance; and the determination there of the question of the title to the property defendant asserted was his separate property obviously was in no way essential to a disposal of plaintiff's case. As pointed out by the court, the wife asked "for no further relief than that out of the proceeds thereof she be awarded separate maintenance in the form of permanent alimony", and it was held, therefore, that whether it was separate or community property was entirely immaterial, because in any event recourse could be had thereto under sections 137, 140 and 141 of the Civil Code, to enforce whatever orders the trial court might choose to make regarding permanent alimony. Many of the cases appellant cites from foreign jurisdictions are based on local statutes; but if there be any rule stated in any of them which holds contrary to the doctrine adhered to in this state, it cannot, of course, be followed here.

The judgment is affirmed.

Cashin, J., and Tyler, P. J., concurred.