[Civ. No. 1042.   Fifth Dist.   June 3, 1969.]

MYRTLE STILLE, Plaintiff and Appellant, v. JOE R. STILLE, Defendant and Respondent.

Cardozo, Trimbur & Nickerson and John M. Trimbur for Plaintiff and Appellant.

Friedman & Sauls and A. F. Sauls for Defendant and Respondent.

CONLEY, P. J.—This is a divorce case in which the wife, Myrtle Stille, sued the defendant, Joe R. Stille. The evidence received at the hearing covered 594 pages of the reporter's transcript; much time was occupied by testimony concerning what appears to be inconsequential things, such as the ownership of a quilt that Grandma Sisk had made.

However, much of the area of decision is not questioned by the appellant. The divorce to the plaintiff, the awarding of custody of the son, and the award of alimony and child support to her are not attacked on the appeal, and it is apparent that the judgment must be affirmed with respect to those issues which are not questioned by the appellant. The objections to the judgment on the appeal are restricted to the division of the community property made by the court, and, with respect to these issues, the respondent concedes some of them.

Several of the matters involved in the judgment to which objections are made seem to us to be decided correctly. Expressed in a slightly different way, as to some of them we do not believe that the appellant has shown that the decision by the trial court would warrant interference with the results of the court's discretionary conclusions. But other grounds of complaint are so clear that even counsel for the respondent concedes them; and such features will require us to reverse the judgment in part and to give directions relative to such issues.

We shall examine in turn all of the adverse observations of the appellant. The first paragraph of appellant's opening brief is devoted to the contention that in a divorce case the trial judge owes a duty to adjudicate the ownership of all of the community property as between the contending parties, citing *Cunha* v. *Cunha,* 8 Cal.App.2d 413 [48 P.2d 130], and 16 California Jurisprudence 2d, Divorce, Separation, etc., section 170, page 562. ▉ A divorce case is historically equitable in nature and, as it is improper to adjudicate equity cases by piecemeal, the presiding jurist owes a duty not to leave some of the mutual property rights undisposed of. We find that the court faced up to its duty in this respect except in one instance in which the trial judge apparently forgot to divide a $30 balance of community funds, which had been left

on deposit in the Crocker-Citizens National Bank. That sum should be divided between the parties; the percentage of assignment specified in the findings for the wife and for the husband in other instances should be applied to the $30, so that the wife should be awarded 60 percent thereof, or $18, and the husband 40 percent, or $12.

The appellant also claims that there was a failure to divide monies which had been contained in an account in the Bank of America. However, the evidence shows that the bank balance in question was removed from that bank and deposited with the Crocker-Citizens National Bank, and later was transferred to an account with the stock and bond broker, Dean Witter & Co., in the sum of approximately $4,562.81 included in a total deposit of $7,294; this latter deposit was identified as community property and divided between the parties by the judgment. It appears to us that there were no monies, other than as heretofore stated, in either the Crocker-Citizens National Bank or the Bank of America, which were not divided properly between the parties.

██ In the third paragraph of appellant's brief a number of well-known principles controlling the financial relationship between husband and wife are set forth, such as the fact that the husband, in handling the funds resulting from the marriage, is bound to use the utmost good faith as a trustee, and is forbidden to resort to concealment or fraud as against the wife; a number of cases define these trust duties, and the appellant argues that "the trial court erred in not requiring the respondent to live up to his fiduciary capacity," or to tell "what happened to certain rents and income of the parties from the time of separation to the time of trial." We do not find that the lengthy record bears out this general charge. It is true that the memory of the defendant over the long period of time involved was not as accurate or as complete as one might have wished. However, general charges and name-calling are not sufficient to warrant a reversal of the judgment. In order to justify such relief, the brief of the appellant should be more specific; it should practically demonstrate, in a case of this kind, a failure of duty on the part of a respondent. This has not been done. The seven-page brief of appellant does little more in this respect than make a general complaint, which is not supported by the inclusion of details or by specific references to the reporter's transcript. The appellant asks us to grant a reversal on this ground by guessing, which we do not propose to do.

The principal debt and obligation against the community property of the parties is listed as ''A. Judgment—Stille v. Stille No. 76785—San Joaquin County including interest to June 30, 1967 (a lien on realty) $56,176.52.'' In our opinion, the listing of this debt and its deduction from the community property prior to division is entirely justified. This item consists of a judgment for monies loaned by the mother of the respondent, Joe R. Stille, to the community for various purposes of community nature, including the sum of $30,000 to permit the purchase of real property by the husband and wife. The deduction of this amount is attacked by the appellant on the theory that the monies involved originally came from a joint account of which the husband was a theoretical owner with his mother. It is true that for the convenience of the mother of the husband the name of her son, respondent herein, was added to the joint account. However, the evidence is perfectly clear that all money in the account was actually that of the mother and was at all times considered to be such. The funds had been placed in what was technically a joint-tenancy account, but the proof was clear that the money belonged to the mother at all times and when it was taken by the son with her consent its legal status was property of the mother, and it constituted a series of loans by mother to son. (*Wallace* v. *Riley,* 23 Cal.App.2d 654, 664 [74 P.2d 807]; *Paterson* v. *Comastri,* 39 Cal.2d 66, 71 [244 P.2d 902].) These were in fact loans by the mother for use by the community, and the repayment of the total amount and its deduction from the community assets was entirely justified.

However, our conclusion and respondent's concession are different with respect to the judgment for $14,297.60. In addition to the claim that the division of the $30 remaining in the Crocker-Citizens National Bank was overlooked, this paragraph calls attention to the fact that a considerable debt, which the husband owed to his mother and which resulted in a previous judgment in her favor and against him for $14,297.60, should not be considered a community debt to be deducted from the assets of the marriage before a division of the community monies between husband and wife. Appellant correctly says there is no evidence to justify a conclusion that this is a community debt of the parties. The mistake is so clear that counsel for the respondent husband have conceded the point in their brief. They say that, on the basis of the division of the community property existing at the time of the trial, the amount represented by the judgment against the

defendant, to wit: $14,297.60, should be divided as other community assets were in fact divided, 60 percent of the equivalent sum being awarded to the wife and 40 percent to the husband. This would leave that judgment in favor of the mother and against the husband in the amount of $14,297.60 to be absorbed and paid for by him outside of the area of this divorce action. If one were to add 60 percent of the $30 forgotten deposit with the Crocker-Citizens National Bank and 60 percent of the $14,297.60, which was the rental judgment improperly charged in whole to the community rather than to the defendant husband, this would result in a showing by proof that the wife should have received an additional sum of $8,596.56 as her share of the available community funds, and that the husband should have received 40 percent of the total, or $5,731.04 in connection with the division of the community funds. This would require a corresponding change in the divorce judgment with respect to the property, and would result in a duty on the husband alone to pay his mother's entire judgment of $14,297.60, apart from the divorce action. Aside from this change, which is important and substantial, nothing else complained of by the appellant would warrant a reversal.

Accordingly, the judgment is affirmed with respect to the divorce awarded to the plaintiff, the award of the custody of the minor son to the plaintiff, alimony and child support, and everything else except the division of the community property, and reversed as to that property division to the end that the wife should be awarded, in addition to the other sums and property assigned to her by the judgment, the sum of $8,596.56, and to the husband the additional amount of $5,731.04. The trial court is directed to amend its findings and judgment in accordance with this opinion.

Appellant shall recover her costs on appeal.

Stone, J., and Gargano, J., concurred.