[Civ. No. 41237. First Dist., Div. One. Sept. 30, 1977.]

SARAH E. PORTER, Petitioner, v.
THE SUPERIOR COURT OF SAN MATEO COUNTY, Respondent;
JAMES DONALD PORTER, Real Party in Interest.

**COUNSEL**

John Eshleman Wahl for Petitioner.

No appearance for Respondent.

Cecil L. McGriff for Real Party in Interest.

**OPINION**

**SIMS, Acting P. J.**—Petitioner wife seeks a peremptory writ of mandate to compel the respondent court to try all of the issues in proceedings instigated by her against her husband for dissolution of their marriage. The court, on the husband's motion, has removed the dissolution proceeding from the trial calendar pending the trial of the husband's independent action in which he seeks to set aside a deed from himself to himself and his wife as joint tenants.

The wife contends that the court in the dissolution proceedings has plenary jurisdiction to decide all issues, including the disposition of the property, without a jury. The husband asserts that he is entitled to a jury trial in his independent action, and that the trial court properly abated the dissolution proceeding pending trial of that action. We conclude that the husband is not entitled to a jury trial on his action to set aside the deed, but that nevertheless the court in the dissolution proceeding should

exercise restraint in attempting to exercise jurisdiction over the separate property of the parties in those proceedings. It is, however, authorized and directed to proceed on all other issues, including the question of whether the property in question is community property.

On December 16, 1972, the parties were married. They thereafter made their home at a residence at 2580 Ardee Lane in South San Francisco which the wife acknowledges was owned by the husband. On November 20, 1975, the husband deeded that property to himself and his wife as joint tenants. According to the allegations in the husband's subsequently filed "Complaint for Declaratory Relief, Rescission and Restitution, Cancellation of Deed" (No. 204314), the wife "falsely and fraudulently, and with intent to deceive and defraud plaintiff, represented to plaintiff, that since they (plaintiff and defendant) were husband and wife, that the said real property should be held in joint tenancy, in order that she would have the right of survivorship in the said property in case the plaintiff should predecease her." He further alleged: "Said representation was false and was then and there known by the defendant to be false; in truth and in fact defendant's true motive for persuading and inducing plaintiff to convey an interest in joint tenancy in said property to her, was so that upon dissolution of the marriage she could claim a one-half interest in said property. And at that time defendant was contemplating filing for a dissolution of the marriage of the said parties."

On January 12, 1976, the deed was recorded, and at or about that time the wife commenced her first action for dissolution (No. 181570). In that action the husband on February 24, 1976, filed a response in which he alleged: "The title to the Real Property commonly described as 2580 Ardee Lane, South San Francisco is presently in the names of the parties herein. However, petitioner by fraud and misrepresentation induced respondent to convey a one-half interest in said real property to her. Respondent intends to file an independent action to rescind the conveyance and cancel the deed." On March 30, 1976, the wife's attorney executed a request for dismissal of the entire action with prejudice; the husband's attorney consented to the dismissal the following day; and the dismissal was entered April 13, 1976.

On June 24, 1976, the parties separated again and the action for dissolution under review (No. 203384) was instituted June 29, 1976, by the wife. She treated the residence as property subject to disposition in the dissolution proceedings. On July 6, 1976, the husband filed a

response in which he requested that the residence be confirmed as his separate property. He alleged that the property is presently in the names of both spouses as joint tenants, but was former community property of respondent and his deceased wife, and that on or about November 1975 respondent, while operating under the undue influence and/or fraud of petitioner, executed a deed conveying one-half interest to petitioner.

On July 23, 1976, pursuant to stipulation and agreement of the parties the court awarded the wife exclusive use and occupancy of the residence pendente lite, and ordered each party to pay one-half of the monthly payments on the house. (See Porter v. Superior Court, 1 Civ. 40192.)

On August 4, 1976, the husband filed his complaint to set aside the deed (No. 204314). On September 22, 1976, the court overruled the wife's demurrer in that proceeding in a decision which recites: "The relief requested in this action is appropriately independent of the dissolution proceeding, and the allegations of the complaint are properly supportive. The ground of another action pending is not sustainable."

On October 27, 1976, the husband moved for a continuance of the dissolution action which had been set for trial on November 8, 1976, over his objection. The motion was denied November 3d and on November 8th he filed his petition for a writ of prohibition to stay the dissolution action pending trial of his independent action (1 Civ. 40192). A temporary stay was granted, but on December 7, 1976, his petition was denied.

Thereafter by notice of motion dated December 20, 1976, the husband sought to have the actions consolidated for trial and that motion was denied. The dissolution proceeding was then set for trial on February 22, 1977, and continued by the court until March 17, 1977. At that time the court granted the husband's motion for a continuance and the court thereafter on March 25, 1977, signed and filed the order removing the proceedings from the trial calendar. These proceedings ensued.

I

The husband insists that he is entitled to a separate trial on his "Complaint for Declaratory Relief, Rescission and Restitution, Cancellation of Deed" because the trial of the issue of the wife's alleged fraud and deceit, raised by that complaint, in the divorce action would deprive him of his constitutional right to a jury trial, and because if he is forced

to try that issue in the divorce proceedings without a jury he will be deprived of equal protection of the law. ■  It is axiomatic that there is no right to a jury trial in a divorce action. (*Cassidy* v. *Sullivan* (1883) 64 Cal. 266 [28 P. 234]; *McLachlan* v. *McLachlan* (1929) 101 Cal.App. 106, 108-109 [281 P. 512].)

■  The husband predicates his right to a jury trial on the provisions of section 16 (former § 7) of article I of the state Constitution[1] and of section 592 of the Code of Civil Procedure.[2] With respect to the wife's claim, discussed below (part II), that the Legislature has given the superior court broad equitable jurisdiction to resolve property disputes in divorce proceedings, he points out, as stated in *Donahue* v. *Meister* (1891) 88 Cal. 121 [25 P. 1096]: "It is quite clear that the legislature, by the mere device of adding new cases to those of a class to which former equitable remedies were applicable, cannot encroach upon that provision of the state constitution which says that 'the right to trial by jury shall be secured to all, and *remain* inviolate.'" (88 Cal. at p. 124; see also p. 127.) The application of these postulates to this case is dependent upon the hypothesis that his pending action against his wife is one in which he is entitled to a jury trial.

He relies on principles and precedents collected in law review articles and in a text compiled by an authoritative commentator on California law. (See Lee, *How Concurrent are the Restitutionary Remedies?* (1968) 19 Hastings L.J. 1017, particularly pp. 1027-1036; Comment, *Statutory Changes in the Law of Rescission in California* (1968) 19 Hastings L.J. 1248; and 3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 413, pp. 2069-2070, and 4 *id.*, Trial, § 75, p. 2910; see also 1 Witkin, Summary of Cal. Law (8th ed. 1973) Contracts, § 684, p. 578.) The husband has confused the right to bring an action at law to recover the consideration

---

[1]The constitutional provision reads: "Trial by jury is an inviolate right and shall be secured to all, but in a civil cause three-fourths of the jury may render a verdict. A jury may be waived in a criminal cause by the consent of both parties expressed in open court by the defendant and the defendant's counsel. In a civil cause a jury may be waived by the consent of the parties expressed as prescribed by statute. [¶] In civil causes and cases of misdemeanor the jury may consist of 12 or a lesser number agreed on by the parties in open court."

[2]Section 592 provides: "In actions for the recovery of specific, real, or personal property, with or without damages, or for money claimed as due upon contract, or as damages for breach of contract, or for injuries, an issue of fact must be tried by a jury, unless a jury trial is waived, or a reference is ordered, as provided in this code. Where in these cases there are issues both of law and fact, the issue of law must be first disposed of. In other cases, issues of fact must be tried by the court, subject to its power to order any such issue to be tried by a jury, or to be referred to a referee, as provided in this code."

paid or damages, following an effective rescission, and the equitable action to cancel a deed. (Cf., Civ. Code, § 1692; *Davis* v. *Security-First Nat. Bank* (1934) 1 Cal.2d 541, 542 [36 P.2d 649]; *Philpott* v. *Superior Court* (1934) 1 Cal.2d 512, 514-517 [36 P.2d 635, 95 A.L.R. 990]; *Johnstone* v. *Morris* (1930) 210 Cal. 580, 586 [292 P. 970]; *Newman* v. *Duane* (1891) 89 Cal. 597, 598-599 [27 P. 66]; *Donahue* v. *Meister, supra,* 88 Cal. 121, 124-129; *Paularena* v. *Superior Court* (1965) 231 Cal.App.2d 906, 911-913 [42 Cal.Rptr. 366]; *Bank of America* v. *Lamb Finance Co.* (1956) 145 Cal.App.2d 702, 709-714 [303 P.2d 86]; *Peterson* v. *Peterson* (1946) 74 Cal.App.2d 312, 322 [168 P.2d 474]; and *Mortimer* v. *Loynes* (1946) 74 Cal.App.2d 160, 167-171 [168 P.2d 481] with Civ. Code, § 3412; *Thomson* v. *Thomson* (1936) 7 Cal.2d 671, 674-683 [62 P.2d 358, 117 A.L.R. 1]; *Pomeroy* v. *Collins* (1926) 198 Cal. 46, 70-71 [243 P. 657]; *Holland* v. *Kelly* (1917) 177 Cal. 43, 44-45 [169 P. 1000]; *Ballou* v. *Avery* (1917) 175 Cal. 641, 642-643 [166 P. 1003]; *Vallejo etc. R. R. Co.* v. *Reed Orchard Co.* (1915) 169 Cal. 545, 555-558 [147 P. 238]; *Davis* v. *Judson* (1910) 159 Cal. 121, 126-128 [113 P. 147]; *De Arellanes* v. *Arellanes* (1907) 151 Cal. 443, 449 [90 P. 1059]; *Santoro* v. *Carbone* (1972) 22 Cal.App.3d 721, 731-732 [99 Cal.Rptr. 488]; *Hill* v. *Younkin* (1969) 274 Cal.App.2d 880, 884 [79 Cal.Rptr. 509]; *Stearns* v. *Los Angeles City School Dist.* (1966) 244 Cal.App.2d 696, 724-726 [53 Cal.Rptr. 482]; *Clyne* v. *Brock* (1947) 82 Cal.App.2d 958, 961 [188 P.2d 263]; *Santa Ana M. & I. Co.* v. *Kinslow* (1938) 30 Cal.App.2d 107, 109-110 [85 P.2d 899]; *Bennett* v. *Bennett* (1919) 41 Cal.App. 537, 539-540 [182 P. 461]; 2 Witkin, Cal. Procedure (2d ed. 1970) Actions, §§ 63-84, pp. 938-956, particularly § 74, par. (4), § 75, and §§ 76-77; 3 *id.,* Pleading, § 414, subd. (b); and 4 *id.,* Trial, § 78, subd. (a).)

In *Pomeroy* v. *Collins, supra,* the opinion states: "Appellant insists that the action is one primarily for the reconveyance of specific real and personal property in the possession of the appellant and that the action is, therefore, of a legal cognizance, and that the appellant was entitled to the intervention of a jury under the authority of section 592 of the Code of Civil Procedure. [Citations.] But where the issue joined by the pleadings is clearly of equitable jurisdiction, the right to a jury trial does not exist as a matter of right. In such cases it is not error to deny the application for a jury trial. Under the common law the right to a trial by jury was not granted in actions for cancellations of instruments, and the rule is well established in this state that it is not error to deny a jury in any cases where such right was not granted at common law. [Citations.] It has been held that in actions which are nominally instituted to quiet title

under section 738 of the Code of Civil Procedure, but which are actions of a legal nature, such as the right to the possession of real property, the litigants are entitled to a trial by jury, but in the instant case, the gravamen of the complaint is of an equitable nature, and the trial court did not err in denying the application for a trial by jury." (198 Cal. at pp. 70-71.) The husband's reliance on the constitutional right to a jury trial has been reproved as follows: "Appellants' first contention, that the Constitution of this state guarantees a trial by jury [citation] and the court abused its discretion in denying this right to them, is not well founded. The right so guaranteed by the Constitution is that of the right as it existed at common law or in those cases triable by a jury as a matter of right under the common law. [Citation.] Here the primary result sought by plaintiffs' action was the cancellation of the deed of reconveyance and that the real property be held subject to the deed of trust. Such action is clearly equitable in its nature and is not triable by jury. [Citations.]" (*Clyne* v. *Brock, supra,* 82 Cal.App.2d at p. 961.)[3]

The husband's complaint contains three causes of action. He alleges that by reason of his wife's fraud he conveyed property to her and himself in joint tenancy on November 20, 1975, that he discovered the fraud when she filed for dissolution of their marriage and caused him to be served with a copy of the summons and complaint on January 23, 1976. He claimed damage in that she had secured a restraining order restraining him from entering on the property and because she claimed one-half interest in the property as community property. A second cause of action repeats the allegation of the first. It further states that if left outstanding, the deed will cause serious damage to the husband by virtue of the wife's claimed interest, and offers an excuse for failure to demand a reconveyance. A third cause of action alleges the existence of controversy over the validity of the deed. The prayer reads as follows: "1. That this Court determine that the conveyance described herein has been rescinded, and the joint tenancy deed conveying an interest to defendant is canceled; [¶] 2. A declaration pursuant to Code of Civil Procedure § 1060, that the deed of conveyance . . . herein is void, because of defendant's fraud in inducing the execution thereof; [¶] 3. For Costs; [¶] 4. For such other and further relief as the Court may deem proper."

---

[3]We have not pursued the husband's claim to a jury trial under the federal Constitution. "[T]he Seventh Amendment has never been held to be applicable to state proceedings, and California has interpreted article I, section 7 of the California Constitution to preserve to litigants the right to trial by jury as it existed at common law in 1850. [Citations.] California has yet to depart from this historically based approach to the interpretation of article I, section 7." (*Rankin* v. *Frebank Co.* (1975) 47 Cal.App.3d 75, 92 [121 Cal.Rptr. 348].)

It is obvious from the foregoing that the husband is seeking a judgment cancelling the joint tenancy deed. There is no prayer for damages or restitution of consideration. He was not, therefore, entitled to a jury trial. ■ We recognize that a prayer for declaratory relief does not destroy the right to a jury trial when it is predicated on legal grounds. (*Patterson* v. *Insurance Co. of North America* (1970) 6 Cal.App.3d 310, 315-316 [85 Cal.Rptr. 665].) Nevertheless, when, as here, the basic prayer for relief is equitable in nature, terming it a request for declaratory relief will not metamorphose an equitable action into a legal one. (See *Carpenson* v. *Najarian* (1967) 254 Cal.App.2d 856, 862-863 [62 Cal.Rptr. 687].)

## II

■ The refutation of the prime grounds for the husband's motion does not necessarily indicate that the trial court's order removing the dissolution proceeding from the trial calendar was erroneous. The order recites: "This Court finds that it is bound by the said Memorandum of Decision [filed September 22, 1976, in the civil action], and based upon the said Memorandum of Decision, this Court finds that it has no jurisdiction to proceed to try the issue of character (whether community or separate), or the issue of disposition of that portion of the property of the parties which is the family residence described above." The decision in question was an order entered on the wife's demurrer to the husband's complaint in the civil action. It reads: "The relief requested in this action is appropriately independent of the dissolution proceeding, and the allegations of the complaint are properly supportive. The ground of another action pending is not sustainable. [¶] Demurrer *overruled*; . . ."

The wife, who failed to refute the husband's claim to a jury trial, rests her right to relief on the general proposition that the superior court in exercising its jurisdiction to decree a dissolution of a marriage has plenary jurisdiction over all the property of the parties whether community, joint or the separate property of either. Civil Code section 4351 provides: "In proceedings under this part, the superior court has jurisdiction to inquire into and render such judgments and make such orders as are appropriate concerning the status of the marriage, the custody and support of minor children of the marriage, the support of either party, *the settlement of the property rights of the parties* and the award of attorneys' fees and costs." (Italics added.) Section 4800 imposes a more limited obligation on the court with respect to property. It states in pertinent part: "(a) Except upon the written agreement of the parties,

or on oral stipulation of the parties in open court, the court shall, either in its interlocutory judgment of dissolution of the marriage, in its judgment decreeing the legal separation of the parties, or at a later time if it expressly reserves jurisdiction to make such a property division, *divide the community property and the quasi-community property of the parties, including any such property from which a homestead has been selected, equally.*" (Italics added; see also former § 146 of the Civ. Code.)

Rule 1242, California Rules of Court, provides: "The court in every case shall ascertain the nature and extent of all assets and obligations subject to disposition by the court in the proceeding and shall divide such assets and obligations as provided in the Family Law Act, except upon the written agreement of the parties or an oral stipulation of the parties made in open court. The court may require that any such agreement be submitted to verify that there is no property subject to disposition by the court." (See also rule 1281, prescribing a property statement as part of the form of petition.)

In this case we have taken judicial notice of the second petition for dissolution of the marriage which was filed by the wife on June 29, 1976. It includes the real property, which subsequently became the subject of the husband's action, as "property . . . subject to disposition by the court" in the dissolution proceeding. The husband's response, filed July 6, 1976, alleges that the property statement in the petition is incorrect. He requests that the property in question be confirmed as his separate property and adds that the property is presently in the names of both spouses as joint tenants, but was former community property of respondent and his deceased wife, and further, that in or about November 1975, respondent, while operating under the undue influence and/or fraud of petitioner, executed a deed conveying one-half interest to petitioner. Throughout these proceedings the husband acknowledges that the wife claims a community property interest in the property in question.

The wife relies upon general expressions of the equitable nature of divorce or dissolution proceedings as establishing the jurisdiction of the court to rule on the validity of the November 1975 deed in that proceeding. For example in *Wadsworth* v. *Wadsworth* (1889) 81 Cal. 182 [22 P. 648], the court, in determining that a cross-complaint for divorce for desertion could be interposed by the husband in the wife's action for an annulment, stated: "Why should not all the marital difficulties of a couple be adjusted in a single suit? A suit for divorce under our system

has been held to be a suit in equity. [Citations.] Is there any principle of equity which favors litigation by piecemeal? In the majority of cases, if affirmative relief can be granted to the defendant at all, it can be granted upon the evidence introduced upon the issues raised upon the complaint, or at all events such evidence is pertinent and material upon the cross-demand. In such cases, what useful purpose would be subserved by compelling the defendant to face the expense and delay of another suit in which substantially the same evidence is to be introduced? It has long been usual in this state to have such relief on cross-complaint. And in at least two cases the practice has been impliedly sanctioned by the supreme court." (81 Cal. at pp. 187-188; see also *Gaston* v. *Gaston* (1896) 114 Cal. 542, 546 [46 P. 609] [charging lien on husband's share of community property to secure support payments to wife]; *Kirsch* v. *Kirsch* (1896) 113 Cal. 56, 63 [45 P. 164] [issuance of writ of assistance to give wife possession of community property awarded to her in divorce]; *Severdia* v. *Alaimo* (1974) 41 Cal.App.3d 881, 889 [116 Cal.Rptr. 405] [issuance of writ to compel wife's attorney to turn over funds received under award in divorce judgment]; and *Stille* v. *Stille* (1969) 273 Cal.App.2d 665, 666 [78 Cal.Rptr. 442] [recognizes duty of court not to leave any of the mutual property rights undisposed of].)

A reading of the statutes reflects that there is no express authority to dispose of either spouse's separate property in the dissolution proceedings. In *Reid* v. *Reid* (1896) 112 Cal. 274 [44 P. 564], the court reversed a judgment which purported to give the husband certain rights in his wife's separate property. The court observed that the court had no jurisdiction to make such an award. (112 Cal. at p. 277.) That statement has subsequently been recognized in several cases. (See *Allen* v. *Allen* (1911) 159 Cal. 197, 201 [113 P. 160]; *Roy* v. *Roy* (1938) 29 Cal.App.2d 596, 603 [85 P.2d 223]; *Marshall* v. *Marshall* (1934) 138 Cal.App. 706, 707 [33 P.2d 416]; *Carr* v. *Carr Co.* (1918) 39 Cal.App. 53, 55 [177 P. 856]; *Huneke* v. *Huneke* (1909) 12 Cal.App. 199, 203 [107 P. 131]; and *Glass* v. *Glass* (1906) 4 Cal.App. 604, 608 [88 P. 734].) It is generally qualified by the reality, recognized in *Kirsch* v. *Kirsch, supra,* as follows: "The court, in fixing the status of the litigants, has the unquestioned power to dispose of the property of the community, dividing it between the spouses in such proportions as seem just: It has also jurisdiction to determine whether or not a given piece of property is or is not community property." (113 Cal. at p. 63.)

In all of the cases last cited as recognizing the principle of *Reid* v. *Reid,* the appellate court upheld a disposition of the separate property, because

the parties had joined issue and litigated the matter in the divorce proceedings. In *Allen* v. *Allen, supra,* the wife in the divorce proceedings successfully asserted that property conveyed to her by her husband was her separate property, against his contention that it was community property. That judgment was held to preclude his subsequent attack on the conveyance in which the ex-husband contended she had secured the conveyance through fraud.[4] The court analyzed the situation as follows: "The position of respondent against this effect ["*res adjudicata*"] of the judgment in the divorce proceeding is, that in such a proceeding the superior court is only vested with such jurisdiction over the property of the spouses as is given by statute; that its jurisdiction is directed primarily to the subject of determining the *status* of the spouses, and while jurisdiction is conferred on the court to determine also their rights as to community property, this is but incidental, and that no jurisdiction is at all vested in the court to pass upon the question of separate property. As supporting this proposition he relies particularly upon *Reid* v. *Reid,* 112 Cal. 275 [274], [44 Pac. 564]. There was, however, in the case cited no dispute as to the character of property. The trial court undertook, nevertheless, to burden the conceded separate property of the wife with rights in favor of the husband, which it was held the court had no power to do. And it is no doubt true, as urged by respondent, that as a general rule the superior court in a divorce proceeding has no jurisdiction to deal with the separate property of the spouses. But the superior court in which the action for divorce must be brought is also invested with general jurisdiction to determine title to real property, whether based on legal or equitable claims, and if the parties in a divorce proceeding see fit to make the character of property held by them— whether separate or community—an issue in the proceeding, as the court is vested with jurisdiction to determine that question, as fully as if the

---

[4] There is a resemblance to the instant case in the report of the ex-husband's claims. "Without setting them forth in any detail, the allegations substantially were that while plaintiff and defendant were husband and wife, and without any fault on the plaintiff's part, his wife left their home in Stanislaus County and took up her residence in San Francisco. Subsequently she came back to Modesto, in said county, and sent for plaintiff. When they met she expressed her great affection for him and her desire to return home, and represented that if he would convey her this property she would return and remain, and thereafter continue to live with him as a good and faithful wife; that, believing and relying on these representations, he conveyed the property to her; that these representations made by her were false and fraudulent, and were made without any intention of keeping them, but were made by her solely to cheat and defraud him of the property; that she never returned to him or to their home, but immediately upon obtaining the deed left for San Francisco where she remained, and thereafter brought an action against him for divorce." (159 Cal. at pp. 199-200; note also, *Santoro* v. *Carbone, supra,* 22 Cal.App.3d 721, 727-728.)

title were put in issue in a direct action brought for that purpose, the same effect must be given to its judgment as if such an action had in fact been brought. While it was not necessary that the question as to the character of the property here involved should have been an issue in the divorce proceeding between these parties they nevertheless did make it such. Neither party objected to doing so, but both invited it. They thereby voluntarily submitted the matter to a court having general jurisdiction to pass upon the question of title under pleadings which properly raised an issue as to whether it was the community property of the spouses or the separate property of the wife, and the court having pronounced its judgment in favor of the wife upon that issue, and such judgment having become final, it is *res adjudicata* and conclusive upon both parties with respect to any further litigation on the subject." (159 Cal. at pp. 201-202; see also *Roy* v. *Roy, supra,* 29 Cal.App.2d 596, 603; *Marshall* v. *Marshall, supra,* 138 Cal.App. 706, 709; *Carr* v. *Carr Co., supra,* 39 Cal.App. 53, 55; *Huneke* v. *Huneke, supra,* 12 Cal.App. 199, 203; and *Glass* v. *Glass, supra,* 4 Cal.App. 604, 608. Note also, *Kirsch* v. *Kirsch* (1890) 83 Cal. 633, 635 [23 P. 1083]; and *Kirsch* v. *Kirsch, supra,* 113 Cal. 56, 59 and 61.)

From the foregoing it is clear that the parties could try the issue of the validity of the deed in the dissolution action if they were both minded so to do. The husband, however, has insisted on his right to a separate action. He cannot, however, by so doing prevent the court from proceeding with the dissolution action insofar as it involves the status of the parties and the wife's claim that the property is community property. If she is successful in that claim, it would put an end to the matter. On the other hand, if the court found, as appears to be the fact, that at the time of the conveyance the property was the husband's separate property, and, in addition, that by the conveyance into joint tenancy, the husband created separate property interests in himself and his wife, there may be a serious question as to whether the court could determine the validity of the deed in the dissolution proceedings over the husband's objection. In such event, discretion indicates that the court in the dissolution proceedings abate proceedings concerning the property in question, and reserve jurisdiction to act if the property is not disposed of in the collateral action. In view of our conclusion as to the lack of the husband's right to a jury trial in the second action, the actions could be ordered consolidated despite the prior order to the contrary. In any event we conclude that the trial court erred in unconditionally removing the dissolution proceedings from the trial calendar.

Let a peremptory writ of mandate issue directing respondent court to vacate and set aside its unconditional order of March 25, 1977, removing In re Marriage of Porter, No. 203384, from the trial calendar, and to regularly proceed with the trial of all issues, including a determination of the community property of the parties, now pending in that action, subject only to the exercise of its discretion to abate the dissolution action as to any property it determines to be the separate property of either or both of the spouses and the subject of an independent action.

Elkington, J., and Weinberger, J.,* concurred.

---

*Retired judge of the superior court sitting under assignment by the Chairperson of the Judicial Council.