[Civ. No. 23151. Third Dist. Apr. 30, 1984.]

In re the Marriage of KATHLEEN A. and HENRY C. BUFORD.
KATHLEEN A. BUFORD, Appellant, v.
HENRY C. BUFORD, Appellant.

COUNSEL

John L. Giordano for Appellant Wife.

Wallace T. Hyde for Appellant Husband.

OPINION

FIELDS, J.*—Wife appeals from an interlocutory judgment of dissolution, contending the trial court lacked jurisdiction to impose a constructive trust

---

*Assigned by the Chairperson of the Judicial Council.

on her separate property in favor of husband and ordering her to transfer to him a one-half interest in the property. Husband cross-appeals, assigning error to the court's denial of his claim to a separate property interest in a joint tenancy savings account. We reverse the judgment.

## FACTS

Kathleen and Henry Buford were married on May 10, 1974. They separated on March 4, 1982, and wife filed this action for dissolution on March 9, 1982.

Wife owned the family residence at 6400 Moraga Drive prior to the marriage. She took sole title on February 11, 1974, when a former husband, Herbert Mills, quitclaimed his interest to her as part of a prior dissolution decree. The record title has remained unchanged since that date.

The prior dissolution decree also called for wife to pay Mills $5,000 cash. On January 23, 1974, Henry Buford transferred $5,000 to his future wife. He contends the transfer was made to purchase Mills' interest in the Moraga Drive property. After receiving the funds from Henry Buford, Kathleen (then Kathleen Mills) paid Herbert Mills $5,000. She contends her then-future husband gave her the funds as a gift.

In July 1981, husband combined $10,000 of his separate property funds with $10,000 in community funds to open a joint tenancy account with Merrill Lynch. He intended his contribution of separate property funds to remain his separate property.

## I

As part of the relief requested in her petition, wife sought judicial confirmation that the 6400 Moraga Drive property is her separate property. In his response, husband listed the property as a community asset and alleged: "House and Lot at 6400 Morag[a] Drive, Carmichael, CA 95608. Petitioner holds title as constructive trustee for Respondent who is fifty per cent (50%) owner."

When husband sought to introduce evidence of his constructive trust theory at trial, wife objected claiming a lack of jurisdiction and defective pleadings. After the parties briefed the issue, the court concluded it had jurisdiction because "it may bring to its aid the fully equitable and legal powers, with which, as a Superior Court, it is invested, and which are necessary or appropriate to the discharge of its jurisdiction over property" and "the parties placed the character of the property held by them, whether separate

or community, as an issue in the dissolution proceeding by the filing of the petition and response herein as well as other pleadings incident thereto.''

■ We agree with wife that the court lacked jurisdiction to impose a constructive trust on her separate property.[1] The dissolution proceeding below was instituted under the Family Law Act. (Civ. Code, § 4000 et seq.) The act limits the court's jurisdiction in such proceedings to dividing the community and quasi-community property of the parties. (Civ. Code, §§ 4351, 4800; *Porter* v. *Superior Court* (1977) 73 Cal.App.3d 793, 801-803 [141 Cal.Rptr. 59].)

■ The trial court certainly has jurisdiction to determine whether a particular asset is community or separate property. (*Porter* v. *Superior Court, supra,* 73 Cal.App.3d at pp. 803, 805.) However, "there is no express authority [in the act] to dispose of either spouse's separate property in the dissolution proceedings." (*Id.,* at p. 803.)

In *Porter,* wife contended the family residence was community property. The residence was husband's separate property prior to the marriage but he executed a deed to the residence in favor of wife and himself as joint tenants after the marriage. Husband filed an independent action to set aside the deed on the grounds of fraud and undue influence. Wife contended the court had plenary jurisdiction over all of the property of the parties in a dissolution proceeding. The appellate court held the trial court had jurisdiction to characterize the property as community or separate, but could not try the issue of the validity of the deed in the dissolution action absent the consent of both parties. (*Id.,* at p. 805.)

Rule 1212, California Rules of Court, provides: "Neither party to the proceeding may assert against the other party or any other person any cause of action or claim for relief *other than for the relief provided in these rules or the Family Law Act.*" (Italics added.) ■ Because the act does not authorize the court to dispose of a party's separate property, the trial court lacked jurisdiction to entertain husband's claim for a constructive trust on wife's separate property.[2]

---

[1]Wife alleges four grounds for reversing the trial court: (1) lack of jurisdiction; (2) improper pleading; (3) an award of separate property to the other spouse is per se error; and (4) the evidence is insufficient to support imposition of a constructive trust. Because of our disposition, we need not reach her final argument.

[2]However, the trial court could determine whether the community acquired a pro tanto interest in the property from the use of community funds to make payments on the purchase price. (*In re Marriage of Moore* (1980) 28 Cal.3d 366, 371-372 [168 Cal.Rptr. 662, 618 P.2d 208].)

Similarly, a spouse is precluded from seeking relief in a dissolution proceeding based on an alleged *Marvin* agreement existing prior to the marriage. (*In re Marriage of Johnson* (1983) 143 Cal.App.3d 57, 63 [191 Cal.Rptr. 545] [as mod. 144 Cal.App.3d 308a].) She must file an independent civil action. (*Ibid.*) "The provisions of the Family Law Act do not govern the distribution of property acquired during a nonmarital relationship . . . ." (*Marvin* v. *Marvin* (1976) 18 Cal.3d 660, 665 [134 Cal.Rptr. 815, 557 P.2d 106].) In the case before us, wife acquired her prior husband's interest in the property prior to her marriage to Buford.

■   Therefore, we conclude husband's claim to a constructive trust on wife's separate property must be brought in a civil action independent of the dissolution proceeding. However, once his independent action is filed, he may move to consolidate it with the dissolution action. (*In re Marriage of Johnson, supra,* 143 Cal.App.3d at p. 63 [as mod. 144 Cal.App.3d 308a].)

■   Even if we were to find authority for the court to decide husband's claim to a constructive trust, we would have to agree with wife that the claim was inadequately pled in the court below.   ■   "The cause of action is not based on the establishment of a trust, but consists of the fraud, breach of fiduciary duty, or other act which entitles the plaintiff to some relief." (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 696, p. 2319.)

"In an action for constructive trust one must plead facts constituting the cause of action, such as fraud, breach of fiduciary duty, etc., and specifically identifiable property. [Citation.]" (*Ehret* v. *Ichioka* (1967) 247 Cal.App.2d 637, 642 [55 Cal.Rptr. 869].) Husband's bare bones allegation that wife "holds title as constructive trustee" is woefully insufficient to satisfy this standard. He has failed to allege any act by wife which entitles him to relief.

## II

■   In his cross-appeal, husband contends the court erred by failing to award him a portion of the Merrill Lynch account. He claims he introduced sufficient evidence to trace a portion of funds in the account to a separate property source.

Under prior case law "the statutory presumptions of community property where an asset is held in joint tenancy (Civ. Code, § 5110) can be overcome only by proof of an agreement or an understanding that a separate property interest was to be retained. (See *In re Marriage of Lucas* [1980] 27 Cal.3d [808,] 814-815 [166 Cal.Rptr. 853, 614 P.2d 285].)" (*In re Marriage of*

*Johnson, supra,* 143 Cal.App.3d at p. 60.)[3] The trial court found "that the presumption was not rebutted by [husband] by showing that there was a mutual agreement or understanding . . . ."

The *Lucas* requirement of an agreement or understanding has been abrogated by recent legislative enactment. New Civil Code section 4800.2 provides in pertinent part that "unless a party has made a written waiver of the right to reimbursement or signed a writing that has the effect of a waiver, the party shall be reimbursed for his or her contributions to the acquisition of [community] property to the extent the party traces the contributions to a separate property source."

The provisions of section 4800.2 are applicable to actions "commenced before January 1, 1984, to the extent proceedings as to the division of the property are not yet final on January 1, 1984." (Stats. 1983, ch. 342, § 4.) Because this action has been appealed, the property division is not yet final.[4]

Therefore, we conclude the matter must be remanded to the trial court for further findings on the question of tracing as to all issues. The court did not reach this issue in its original decision. Also, wife should be given an opportunity to introduce any evidence of a written waiver that may be available.

The judgment is reversed and the matter remanded to the trial court for further proceedings consistent with this opinion. Each side shall bear its own costs on this appeal.

Regan, Acting P. J., and Carr, J., concurred.

---

[3]The *Lucas* rule has been applied to personal as well as real property. (*In re Marriage of Johnson* (1982) 143 Cal.App.3d 57, 60-61 [191 Cal.Rptr. 545]; *In re Marriage of Priddis* (1982) 132 Cal.App.3d 349, 360 [183 Cal.Rptr. 37].)

[4]California Civil Code section 4800.2 became effective January 1, 1984, after the trial herein.